ELIZABETH S. CARROLL *vs.* THOMAS F. COONEY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 1st, 1932—decided January 3d, 1933.

*Franklin Coeller,* for the appellant (plaintiff).

*A. Frederick Mignone,* with whom was *Thomas R. Robinson,* for the appellees (defendants).

BANKS, J.   The plaintiff replevied certain household goods and personal effects from the defendants, alleging in her complaint that they had wrongfully taken them into their possession and detained them from her.   In their answer the defendants alleged that they were the proprietors of a lodging house in which the plaintiff was received as a lodger, that she was indebted to them for lodging, and that the property replevied was brought by her to their house during her stay there and was retained by them by virtue of their lien as lodging house keepers.   Section 5134

of the General Statutes gives to the keeper of a boarding or lodging house a lien upon the effects kept by a boarder or lodger in such house, for any sums due for board or lodging, when a special agreement has been made regarding the price to be paid for such board or lodging. The principal question involved is whether, as claimed by the defendants and ruled by the trial court, they kept a lodging house in which the plaintiff was a lodger, in which event they were entitled to possession of the property replevied by virtue of their statutory lien, or, as claimed by the plaintiff, the relation between them was that of landlord and tenant.

The court found the following facts: The house conducted by the defendants contained twenty-two rooms completely furnished, including bed linen and bed clothing. There were common bathrooms and toilets on the several floors, but no baths connected directly with any of the rooms. The arrangement of the building was such that it was possible to group two or three rooms as a suite, or use them singly. Some of the rooms were furnished as kitchenettes in which "light housekeeping" was permitted, and some of the lodgers did their own chamber work, but when desired this service was furnished by the defendants. The defendants retained keys to all the rooms and the right to enter for purposes of inspection, general supervision and the care of the furnishings and equipment. They supplied stoves and a hod of coal per day to each lodger in the heating season. The plaintiff rented three connecting furnished rooms on a weekly basis, one of them being a kitchenette.

A number of the paragraphs of the finding are attacked, but there was evidence in support of all of the facts found. The discussion in plaintiff's brief of the assignments of error claiming corrections in the find-

ing, is confined to the claim that many of the occupants of the defendants' house took the exclusive care of their respective apartments, which is substantially found by the court.

Both parties cite *Mathews* v. *Livingston,* 86 Conn. 263, 85 Atl. 529. We there said (p. 267): "The distinction in law between a tenant and a lodger is a substantial one: the tenant may maintain ejectment and trespass; the lodger may not. Upon the goods of the lodger his landlord has a [right of] lien for unpaid rent; upon those of his tenant he has no lien. The relation established by the hiring of rooms in the house of another depends upon the contract of hiring, gathered from its terms and interpreted in the light of the surrounding circumstances, having in end the finding of the intention of the parties to the contract." The relationship of the parties is to be found in the answer to the question whether the landlord has surrendered the exclusive right of possession and occupation of the premises and retains no control over them. In case of a tenancy the landlord has divested himself of the possession of the premises, the tenant has the exclusive right of possession and acquires an interest in the real estate giving him the right to maintain ejectment or trespass against the landlord. The lodger has merely the use of the room or rooms, the landlord retaining the general control. *Mathews* v. *Livingston, supra,* and cases cited in the annotation to that case in Ann. Cas. 1914A, 200; *Dewar* v. *Minneapolis Lodge,* 155 Minn. 98, 192 N. W. 358; *Bradley* v. *Baylis,* L. R. 8 Q. B. D. 195, C. A.; 1 Tiffany, Landlord & Tenant, 34; Jones, Landlord & Tenant, § 23; 35 C. J. 954. Whether the premises are hired by the week or month, are furnished or unfurnished, whether the owner of the house resides upon the premises, and the extent to which he exercises supervision and

care of the apartment occupied by the lodger or tenant, are all material in ascertaining the intention of the parties to the contract.

Upon the facts found by the trial court it might reasonably reach the conclusion that the defendants retained the general control and had not surrendered the exclusive possession of the furnished rooms which the plaintiff hired by the week, keys to which they retained for the purpose of inspection and supervision, that she merely had the use of them, and that her relationship to the defendants was that of lodger rather than tenant. The trial court was therefore justified in its conclusion that the defendants had a lodging house keeper's lien upon the goods of the plaintiff for her unpaid rent.

The rulings on evidence to which exception is taken were clearly correct and do not require discussion.

There is no error.

In this opinion the other judges concurred.