MONARCH ACCOUNTING SUPPLIES, INC. *v.*
WILLIAM PREZIOSO

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 7—decision released April 20, 1976

*Angelo P. Costa,* for the appellant (defendant).

*J. Roger Shull,* for the appellee (plaintiff).

LOISELLE, J. The plaintiff tenant brought an action against the defendant landlord claiming, inter alia, unjust enrichment. From a judgment awarding money damages, the defendant has appealed.

The plaintiff, Monarch Accounting Supplies, Inc., conducts its mail-order business from a building leased to it by the defendant, William Prezioso. The defendant leased the building to the plaintiff in 1969, and again in 1972. The second lease was for a term of five years beginning on June 1, 1972.

In 1973, the plaintiff's president learned that Murphy, Inc., an outdoor advertising concern, would erect a large sign on the roof of the building. The defendant had agreed to the erection of the sign and purported to lease the roof to Murphy, Inc., but had neither notified the plaintiff of his actions nor sought its consent. Murphy, Inc., contracted with the Leake and Nelson Company to build the steel structure that would support the sign.

After numerous holes were made in the building's walls and roof, and after much of the supporting structure was in place, the plaintiff brought this action against the defendant landlord, Murphy, Inc., and the Leake and Nelson Company, seeking, with other relief, an order enjoining further work on the sign. At a hearing on September 6, 1973, at which the defendant Prezioso did not appear either personally or by counsel, the plaintiff and Murphy, Inc., stipulated that the sign could be installed upon the completion of structural changes designed to strengthen the sign's supporting structure, the structure's attachment to the roof, and the walls of the building. Liability for the expense of the changes, which had been recommended by a structural engineer, was to be adjudged at the trial. They further stipulated that the rent to be paid by Murphy, Inc., to the defendant would be held in escrow until the plaintiff's rights to the rent were determined.

On December 10, 1974, just prior to trial, the plaintiff filed an amended complaint against Prezioso alone which asserted: "As a result of the act of defendant in authorizing installation of said sign and the subsequent erection thereof plaintiff (a) suffered a substantial interruption of its business for approximately one month; (b) was obliged to expend large sums of money for the services of an engineer and legal counsel to insure [sic] the safety of the leased building and the safety of plaintiff's employees and property; (c) suffered a diminution of storage space in the leased building; and (d) has been deprived of the benefit of defendant's covenant that plaintiff have the quiet use and enjoyment of the premises leased to it." And in a separate paragraph: "As a further result of the act of defendant in authorizing installation of said sign, defendant will be unjustly enriched at the expense of plaintiff." The plaintiff claimed the following relief: "1. $15,000 damages. 2. A decree determining the respective rights of the parties to rental income from Murphy, Inc., or, in the alternative, 2. [a] mandatory injunction requiring the defendant forthwith to restore the leased building to its condition prior to erection of said sign."

The court disallowed the second claim, originally and in the alternative, and ordered the plaintiff to proceed under the claim for damages. The action was then tried with damages as the sole claim for relief.

On January 23, 1975, the court awarded the plaintiff $245, which is one-half of the expenses it incurred for fees paid to the structural engineer, and $1360, which is one-half of the rent accrued from Murphy, Inc., and it found that the plaintiff

would be entitled to one-half of the rent to be paid for the period from February 1, 1975, to, and including, the month of May, 1977. The defendant appealed from the judgment, assigning as error the court's award to the plaintiff of a portion of the rent. The defendant claims that the court, in effect, issued a decree determining the respective rights of the parties to the rental income despite the disallowance of that particular claim for relief. The defendant further claims that, even if the award of the rent is considered as damages, this award was in excess of the damages proved or sustained by the evidence.

Although not expressly stated in his brief, the defendant, in his second claim of error, impliedly challenges the grounds on which the court based its award: The roof had been leased to the plaintiff before the defendant leased it to Murphy, Inc., and so the defendant did not have the exclusive right to lease the roof to Murphy, Inc. This conclusion, therefore, requires review.

"A lease transfers an estate in real property to a tenant for a stated period, with a reversion in the owner after the expiration of the lease. Its distinguishing characteristic is the surrender of possession by the landlord to the tenant so that he may occupy the land or tenement leased to the exclusion of the landlord himself." *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 601, 96 A.2d 217. The tenant acquires an interest in the real estate giving him the right to maintain ejectment or trespass against the landlord. *Carroll* v. *Cooney,* 116 Conn. 112, 115, 163 A. 599. And where the entire premises are leased, in the absence of any agreement, either expressed or implied or by covenant to the contrary, the tenant has the right

of exclusive possession and control of the entire premises and the landlord or his agents or contractees have no right to enter upon the leased premises. *Central Coat, Apron & Linen Service, Inc.* v. *Indemnity Ins. Co.,* 136 Conn. 234, 237, 70 A.2d 126; see *Lyon* v. *Bethlehem Engineering Corporation,* 253 N.Y. 111, 113, 170 N.E.512; 49 Am. Jur. 2d, Landlord and Tenant, §§ 82, 226.

The instrument of lease demising the property to the plaintiff describes the premises as: "A certain parcel of land with a one story masonry building thereon . . . with a second story addition." The instrument does not refer to the "roof." One provision gives the defendant "the right to enter into and upon said premises, or any part thereof, at all reasonable hours for the purpose of examining the same, or making such repairs or alterations therein as may be necessary for the safety and preservation thereof." A subsequent paragraph contains the language that "said premises shall be at all times open to the inspection of said Landlord and Landlord's agents . . . for necessary repairs." A following paragraph, however, contains the language that "said Tenant shall also pay for all other utilities and repairs." The only evidence adduced at the trial on the issue of control was that the landlord made a minor repair of the roof in November, 1971, during the tenancy of the original lease.

In construing the instrument the court correctly determined both the leasehold's size and the parties' interests therein. See rules of construction of an instrument of lease in *Perruccio* v. *Allen,* 156 Conn. 282, 285, 240 A.2d 912. The description of the demised premises, the provisions for repair and the limited nature of the defendant's right to enter only admit of a reversionary interest in the defend-

ant. The fact of the minor repair to the roof does not contradict the implications growing out of the nature of the estate created by the lease. *Lewis* v. *Kasimer,* 153 Conn. 13, 19, 211 A.2d 837; *Bentley* v. *Dynarski,* 150 Conn. 147, 152, 186 A.2d 791; *Masterson* v. *Atherton,* 149 Conn. 302, 311, 179 A.2d 592. The court was not in error in concluding that, under the terms of the lease, the defendant did not reserve control of the roof of the premises leased and therefore did not have the right to lease the roof of the premises.

The court found that the plaintiff was entitled to receive, on an equitable basis by way of reimbursement, one-half of the total rent received by the defendant from Murphy, Inc. The court also awarded one-half of the rent to be expected from Murphy, Inc., for the remainder of the plaintiff's term. The plaintiff claims the award can be sustained under the doctrine of unjust enrichment. The inquiry, then, is whether the plaintiff is entitled to damages for the unjust enrichment of the defendant. The inquiry goes not only to the type of recovery but also to whether recovery of any type was allowable.

The doctrine of unjust enrichment "is based upon the principle that one should not be permitted unjustly to enrich himself at the expense of another but should be required to make restitution of or for property received, retained or appropriated. . . . It is not necessary, in order to create an obligation to make restitution or to compensate, that the party unjustly enriched should have been guilty of any tortious or fraudulent act. The question is: Did he, to the detriment of someone else, obtain something of value to which he was not entitled?" *Franks* v. *Lockwood,* 146 Conn. 273, 278,

150 A.2d 215; *Schleicher* v. *Schleicher,* 120 Conn. 528, 534, 182 A. 162. See Restatement, Restitution § 1. "With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed to examine the circumstances and the conduct of the parties and apply this standard." *Cecio Bros., Inc.* v. *Greenwich,* 156 Conn. 561, 564–65, 244 A.2d 404.

The defendant, under its agreement with Murphy, Inc., receives rental payments. That agreement overlooks the plaintiff's possessory interest in the roof, and, in that regard, it is to the detriment of the plaintiff. Although the plaintiff did not show any material physical damage to the premises it has a right either to sublet or assign the roof with the defendant's permission. The defendant can hardly claim that permission would not be granted to sublet or assign the roof in view of his agreement with Murphy, Inc. Even if the circumstances of this case admitted of a conditional right in the plaintiff to assign or sublet, the defendant, by his actions, removed the plaintiff's ability to negotiate with the defendant for the use of the roof. The facts of the case, therefore, show the defendant's receipt of a benefit, to which he was not entitled, to the detriment of the plaintiff. Furthermore, that showing entitles the plaintiff to an award of money damages. *Misisco* v. *La Maita,* 150 Conn. 680, 684, 192 A.2d 891; *Home Owners' Loan Corporation* v. *Nasiatko,* 129 Conn. 19, 24, 25 A.2d 661; see Restatement, Restitution § 4 (f).

The measure of recovery in this case focuses on the benefit to the defendant rather than on the loss to the plaintiff. The damages should be the benefit

received.  *Franks* v. *Lockwood,* supra, 278.  The benefit was the rent that was received by the defendant less his expenses, if any, in dealing with Murphy, Inc.  The court, therefore, was in error in awarding only one-half of the accrued rent.

The court also erred by awarding a portion of the rent from the date of judgment until the end of the plaintiff's term.  That rent has been neither received nor retained by the defendant even though he has the right, under the agreement with Murphy, Inc., to receive it.  A prospective award is not properly includable within the concept of damages in this case since the focus of damages in unjust enrichment is not on the damage proximately caused by an injury, but on the benefit unjustly received and retained by the defendant. *Franks* v. *Lockwood,* supra; *Misisco* v. *La Maita,* supra; see 66 Am. Jur. 2d, Restitution and Implied Contracts, §§ 166, 170; Restatement, Restitution § 155.  Whether the defendant will retain the rent from the sign for the period from February, 1975, to May, 1977, the unexpired term of the plaintiff's lease at the time of judgment, cannot be adjudged.

Further, the other item of damages awarded, one-half of the expense of the structural engineer, appears to have been part of an expenditure that was necessary for the proper support of the sign on the roof and as the defendant is not entitled to retain the benefit of the lease to Murphy, Inc., he would not be liable for such expenditures.

There is error in part, the judgment is affirmed except as to the amount of damages awarded and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.