[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the fourth count of plaintiff Eastern Pipe Products, Co.'s revised complaint against defendant's First Connecticut Properties, Paparazzo, Town of Watertown and Ralto Developers, Inc., plaintiff alleges that it furnished and delivered certain sewer and water pipes, valves, fences and other construction materials to and for the benefit of the named defendants. It is alleged that approximately one hundred deliveries were made between January 1, 1988 and November 29, 1988 to a piece of land situated in Watertown and that the materials delivered were used in the construction of improvements on the premises. Plaintiff alleges that the materials it furnished and delivered were reasonably worth the sum of $38,811.38. Plaintiff further alleges that the defendants have failed to pay anything for the materials CT Page 1465 and are therefore unjustly enriched to the plaintiff's financial detriment.
Defendant Ralto Developers Inc. moves to strike the fourth count based upon unjust enrichment, arguing that the court fails to state a cause of action upon which relief may be granted.
A motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). "[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278 (1988). "[I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985) (emphasis in original).
 Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract. 5 S. Williston, Contracts (Rev. Ed) Section 1479. In order for the plaintiff to recover under the doctrine, it must be shown that the defendants were benefited, that the benefit was unjust in that it was not paid for by the defendants, and that the failure of payment operated to the detriment of the plaintiff. Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 665-66, 368 A.2d 6 (1976); Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242, 246, 287 A.2d 379 (1971).
Burns v. Koellmer, 11 Conn. App. 375, 385 (1987) (quoting A C Corporation v. Pernaselci, 2 Conn. App. 264, 265 (1984).
Plaintiff Eastern Pipe Products Co. has properly pled the elements necessary to state a cause of action for injust enrichment. Therefore, defendant Ralto Developers, Inc.'s motion to strike is denied.
BYRNE, J.