[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant matter is a claim of payment for material and labor supplied by a subcontractor to a home improvement project.
The following factual presentation has been made. The defendant, Giusepi Tripodi (Owner), entered into a contract with Bernie Cantillon a/k/a Waterbury Minority Development Co. (Contractor) to construct a garage and do other home improvements at his premises located at 468 Lakeside Boulevard, Waterbury, Connecticut. Thereafter the contractor entered into an agreement with the plaintiff John L. Cavanaugh d/b/a Cavanaugh Electric (Sub-Contractor) to provide the materials and labor to install the wiring in the home improvement at the subject premises.
Thereafter the subcontractor performed the required electrical services for a total price of $8,858.52; and he received payments from the contractor in the amount of $4,500 leaving a balance of $4,358.52. During the periods of time relevant herein, the owner made payments in the amount of $93,000 directly to the contractor. These payments included payment for the work performed by the subcontractor. At no time were any payments made directly to the subcontractors by the owner. Thereafter a dispute arose between the contractor and the owner about the quality of the work done by the contractor; but the owner had no complaint about any of the work performed by the subcontractor.
When the subcontractor could not obtain payment from the contractor under the terms of their agreement, the subcontractor CT Page 3361 instituted the present action seeking payments from the owner on the basis of unjust enrichment.
There is no claim made that there was any type of written or oral express contract between the parties herein involved. Further, there is not an action based on Connecticut General Statutes Section 49-33, Mechanic's Lien. Thus the only basis for recovery under the present factual scenario is a claim for unjust enrichment.
 The equitable remedy of unjust enrichment may be invoked when justice requires that a party be compensated "`for property or services rendered under a contract, and no [legal] remedy is available by an action on the contract.' 5 Williston, Contracts (Rev. Ed.) Section 1479." Cecio Bros., Inc. v. Greenwich, 156 Conn. 561, 564, 244 A.2d 404 (1968); Bolmer v. Kocet, 6 Conn. App. 595, 612, 507 A.2d 129 (1986). As an equitable right, unjust enrichment is based on the principle that in a given situation, "`it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. National CSS, Inc. v. Stamford, 195 Conn. 587, 597, 489 A.2d 1034 (1985), quoting Schleicher v. Schleicher, 120 Conn. 528, 534, 182 A. 162 (1935); see Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242, 246, 287 A.2d 379 (1971). "All the facts of each case must be examined to determine whether the circumstances render it `just or unjust, equitable or inequitable, conscionable or unconscionable,' to apply the doctrine." Bolmer v. Kocet, supra, 613.
 To recover under unjust enrichment, the plaintiff must demonstrate: (1) that the defendant has benefitted [benefited] from the transaction or has received something of value; and (2) that the benefit was unjust, that is, was not paid for by the defendant, to the detriment of the plaintiff. Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 665-66, 368 A.2d 6 (1976); Bolmer v. Kocet, supra, 612-13. The burden of proving unjust enrichment was CT Page 3362 placed on the plaintiff in Montanaro Bros. Builders, Inc. v. Snow, 190 Conn. 481, Garwood Sons Construction Company, Inc. v. Centos Associates Limited Partnership et al, 8 Conn. App. 185, 187.
There is no doubt that the owner received a benefit from the agreement between the contractor and the subcontractor. However, the owner paid the contractor for all the materials and labor supplied by the subcontractor. Absent any fraud or collusion between the owner and the contractor, the enrichment is not unjust. The burden of proof was upon the subcontractor to show that there was fraud or collusion to establish unjust enrichment; and the subcontractor has not sustained its burden of proof on this issue.
In that, the issue was raised during the proceedings as to whether or not the Connecticut Home Improvement Act Connecticut General Statutes Section 20-418 et seq. applies to the present situation. A brief comment will be made. In order for the Home Improvement Act to apply, there must be a contract between the parties. Obviously in this particular situation, there was no contract of any type between the parties and therefore, the Home Improvement Act does not apply.
Accordingly, judgment may enter for the defendant.
BYRNE, J.