[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is an electrical subcontractor which supplied material and services to the renovation of property, 17-19 Putnam Street, Waterbury; owned by the defendants.
The plaintiff's complaint is in three counts: Count One, unjust enrichment; Count Two, quantum meruit and Count Three, implied contract. The complaint was brought against the defendants, husband and wife, who owned the property upon which the work was performed. The defendant Sandra Lee Spencer, died in August, 1989, and the plaintiff is not pursuing its claim as to her or her estate.
The plaintiff contracted with Joe Mazzarella d/b/a Kitchen Concepts for the electrical work involved in totally renovating three apartments at 17-19 Putnam Street, Waterbury. Plaintiff was aware of the defendants being the owners, and used their name as owners in pulling his building permit.
The contract price was $10,500 with two-thirds of the work and payment due upon completion of the rough electrical. This work was completed on or about June 8, 1988, and was in the reasonable value of $7,000. The plaintiff has never been paid for such work.
Joe Mazzarella d/b/a Kitchen Concepts defaulted on the project in June, 1988 and the work has never been complete.
The plaintiff unable to obtain payment from the general contractor (Kitchen Concepts) now seeks payment from the owner of CT Page 3575 the property.
The defendant contracted with Kitchen Concepts for the renovation at a cost of approximately $70,000. Defendant paid a total of $39,313.17 to the general contractor and several subcontractors on the project.
The defendant's construction loan was in the amount of $70,000. The defendant received $41,500 in disbursements on such loan; while paying $39,313.17 to advance the project.
At the time the general contractor abandoned the job, on or about June of 1988, the cost of completing the renovation project would have been in the amount of $40,000.
The plaintiff did not avail itself of the mechanic's lien statutory scheme (Connecticut General Statutes Section 491-3 et seq.) to secure his claim. The mechanics lien law is designed to overcome the absence of contractual privity in the subcontractor/supplier versus owner situation presented in this case. Computaro v. Stuart Hardwood Corporation, 180 Conn. 545,550, 429 A.2d 796 (1980).
The statutory mechanics lien scheme limits on liability to the contract price (Connecticut General Statutes Section 49-36), less bona fide payments made by the owner before notice of the mechanics lien and the costs of completion. (Connecticut General Statutes Section 49-36). Rene Dry Wall Co. v. Strawberry Hill Associates, 182 Conn. 568, 572 (1980).
In this case, the contract amount was $68,500 and costs of completion $50,000. If the owner-defendant was credited with his progress payments, he would have no liability under the mechanics lien analogy.
The mechanics lien law is of course not directly controlling since the plaintiff decided not to seek its benefits. It is, however, difficult to imagine that plaintiff can achieve a better result under its common law contract claim.
The plaintiff argues that defendant knew that plaintiff and other subcontractors were on the job, which was factually established. Plaintiff then argues that the defendant should have taken steps to insure that the subcontractors were being paid from the disbursements to the general contractor, as the evidence shows that defendant made no efforts to determine if the plaintiff was being paid by the general contractor. Plaintiff argues that because of defendant's failure to insure progress payments to it as a subcontractor, defendant should not be credited with progress payments made to the general contractor. CT Page 3576
The owner under the mechanics lien law is only obligated to make such efforts upon notice of mechanics lien. (Connecticut General Statutes Section 49-36). The owner is only obligated to act in good faith and with reasonableness in making progress payments. Rene Dry Wall Co. v. Strawberry Hill Associates,182 Conn. 568, 573 (1980). The court finds that the defendant acted in good faith and reasonably in making payments to his general contractor.
The plaintiff also asserts claims under the theories of unjust enrichment and quantum meruit. Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract. 5 S. Williston, Contracts (Rev. Ed.) Section 1479. Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties and that, therefore, the plaintiff is entitled to the reasonable value of services rendered. Rossetti v. New Britain, 163 Conn. 283, 292, 303 A.2d 714 (1972). Unjust enrichment is the form of action when the benefits that the enriched party receives is either money or property. Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 665-66,368 A.2d 6 (1976).
In order for plaintiff to prevail under either restitution theory, it must demonstrate that defendant benefited, that the benefit was unjust in that it was not paid by the defendant, and that failure of payment operated to the detriment of the plaintiff. Burns v. Koellmer, 11 Conn. App. 375, 383 (1987).
The plaintiff provided services and materials for the improvement of defendant's property in the value of $7,000. The defendant, as a result of the improvements, received $41,500 on his construction mortgage as well as an increase in the value of his property. The defendant paid out for the total improvements to his property $39,313.17.
The court finds that as a result of plaintiff's services, defendant received a benefit for which he equitably is required to reimburse plaintiff in the amount of $2,186.83. This sum represents the difference between what the defendant drew down on his construction mortgage and what was paid out in furtherance of the project.
In equitably resolving a dispute between two parties who were damaged by a defaulting third party, this disbursement from defendant to plaintiff is the most equitable result.
Judgment enters for the plaintiff against the defendant Collins R. Spencer on Counts One and Two of its complaint in the CT Page 3577 total amount of $2,186.83. Judgment enters for the defendants on Count Three of the complaint.
No costs or interest are awarded to either party.
McWEENY, J.