[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought suit to recover of the defendants for surveyor's services rendered to the defendants on premises then owned by them. The first count alleges a contract to perform surveying services for which the defendant agreed to pay including a finance charge of 1.5% per month on accounts thirty days past due. The second count is a claim of unjust enrichment. The defendants answer is a denial of the allegations of the complaint and by way of special defense that the action did not accrue within three years before the action as required by 52-581 C.G.S., or within six years as required by 52-576. A second special defense was added claiming payment in full and an accord and satisfaction. The parties I have agreed and stipulated that the plaintiff has done all the contracted work except for the development located on Far Mill Street and that the plaintiff's charges are not being contested and only the interest or late charges are being put in issue. CT Page 7071
The facts are found as follows. The defendants did not pay the bills submitted in timely fashion and the remittances received were applied by the plaintiff to the oldest balance of the account. The work to be done by the plaintiff was orally ordered by the defendants, for real property being developed by them and which it is agreed the plaintiff performed. In evidence are sixty of the plaintiff's invoices beginning March 1, 1982 and continuing until February 15, 1990. On each of those invoices is either printed or typed "all accounts 30 days past due will bear finance charge of 1% per month which is equivalent to an annual rate of 12% plus all costs of collection, including reasonable attorneys fees and other charges." Subsequently the finance charge was raised to 1.5%. The invoices show that all work done was itemized and billed by January 15, 1984. The invoice of January 15, 1984 shows a balance of $31,039.00 after deducting payments totalling $4500 paid from February 18. 1982 to October 21, 1983. The March 1st 1984 invoice shows a balance of $27,334.00. Up to this point no finance or interest charge appeared on any bill, however the next invoice dated, October 1, 1986 itemized interest at 1% per month from April 1, 1984 to December 1, 1984 and from January 1, 1985 to October 1, 1986 at 18% per annum on the balance due of $27,334. This invoice was the first time that any interest charges had been made. Another invoice dated October 1, 1986 shows a payment of $10,000 by one Rutkamp, who had purchased the defendants' real estate holdings. Thereafter on February 15, 1987 Rutkamp made a further payment of $17,344 which together with his previous $10,000 paid the entire principal amount due in 1984. He claimed his agreement with the defendants was to pay the principal amount due, which did not include interest, when he bought the defendants' holdings. The plaintiff's invoice of May 15, 1987 shows a balance of $12,334 after the Rutkamp payment and it was that figure that the plaintiff compounded the interest at 1.5% monthly thereafter until February 15, 1990 when the total became $26,962.39. On February 16, 1984 the plaintiff received three letters with three remittances from Attorney John F. Bigley which stated "Please find enclosed a check for $1,700 representing payment in full for all your billing to my client regarding 439-411 Henry Avenue Extension, Stratford, Connecticut." The second letter to the same effect contained a check for $1330 for Broken Leg Acres. The third letter also to the same effect contained a check for $675 for 6975 Main Street, Trumbull, Connecticut. The plaintiff claims that Mr. Rodia orally agreed with him to interest charges on February 17, 1984 although no interest appeared on any bill until October 1, 1986 and in that oral agreement no rate of interest was agreed. From March of 1984 to October of 1986 the plaintiff sent no invoices to the defendants. He was billing Rutkamp for additional work on the Rodia developments and the plaintiff's invoice to Rutkamp CT Page 7072 dated December 17, 1987 and titled "John Rodia account" shows a balance of $12,344 and a zero balance as of 12/17/87. The intent of that invoice was to show that Rutkamp owed no further payments on the Rodia premises and no further payments for work contracted by him with the plaintiff on the Rodia developments, inasmuch as that invoice contains a notation "less interest accrued and owed, by John Faye Rodia." It was stipulated that no work on the Broken Leg development was billed after March 14, 1984, although the one invoice shows a charge for work from the 12th to 14th of March 1984 however that development work was paid in full by Attorney Bigley's letter and remittance dated February 16, 1984 which represented payment in full and was accepted by the plaintiff. Although the plaintiff claims the defendant's agreed to pay him interest the court finds as a fact that they did not and that no work was done for the defendant after December 30, 1983 although some bills for the work was invoiced as late as March 14, 1984.
The court concludes that the contracts for all work was oral and that the charge for interest which appeared on the bill was never agreed to by the defendants. The surveying work done for the Rodias by the plaintiff was paid in full by the Rodias and Rutkamp and the interest charge made by the plaintiff was applied two years and ten months after the last work was done. Had the defendants agreed to pay interest as the plaintiff states in 1984 then he would have billed interest beginning March of 1984 when the defendants were more than thirty days behind on their payments. In addition the contract between the plaintiff and defendant was oral and since no writing has been produced, signed by the defendants to evidence the debt or the interest 52-581 entitled "Action on an oral contract to be brought within three years" applies. The action was instituted March 2, 1990 more than three years after the last work was performed, and the plaintiff cannot recover.
The second count claiming unjust enrichment has not been pressed by the plaintiff on trial. The plaintiff has failed to I prove the elements of unjust enrichment as set forth in Monarch Accounting Supplies Inc. v. Prezioso, 170 Conn. 659, 665-666. The doctrine of unjust enrichment "is based upon the principle that one should not be permitted unjustly to enrich himself at the expense of another but should be required to make restitution of or for property received, retained or appropriated. . . . It is not necessary, in order to create an obligation to make restitution or to compensate, that the party unjustly enriched should have been guilty of any tortious or fraudulent act. The question is: Did he, to the detriment of someone else, obtain something of value to which he was not entitled?" Franks v. Lockwood, 146 Conn. 273, 278,150 A.2d 215; Schleicher v. Schleicher, 120 Conn. 528, 534, 182 A. 162. CT Page 7073 See Restatement, Restitution 1. "With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed to examine the circumstances and the conduct of the parties and apply this standard." Cecio Bros., Inc. v. Greenwich, 156 Conn. 561, 564-65, 244 A.2d 404.
Judgment may enter for the defendants together with costs of the action.
LEVINE, STATE TRIAL REFEREE.