[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, Art Barber Excavating Company Inc. brought this action in three counts for work done on premises located at 49 Willington Road, in the Town of Willington, Connecticut. The Plaintiff's first count was against Norman H. Chasse. The Plaintiff obtained a default judgment against Mr. Chasse and that count was not considered by this Court. The Plaintiff's second count may be regarded either as a count in express contract against Violette Construction Co., Inc. or a count claiming that Violette Construction Co., Inc. guaranteed a contract between the Plaintiff and the Defendant Chasse. The Plaintiff's third count may be regarded as either a count in unjust enrichment or a count in quantam meruit against Violette Construction Co., Inc.
The Court finds that the Plaintiff failed to prove any express contract between Art Barber Excavating Inc. and Violette Construction Co., Inc. The Court further finds that the Plaintiff failed to prove that Violette Construction Co., Inc. guaranteed the performance of Norman Chasse. The Court finds the testimony of Roland Violette, that during the fishing trip he agreed to assist Art Barber Excavating, Inc. in collecting from Chasse, to be more credible than the testimony of Gordon Barber that Violette agreed that his corporation would guarantee Chasse's obligation. Moreover, not only does the Court find that Violette did not guarantee the contract, but any such guarantee would be barred by reason of Section 52-50(a) of the Connecticut General Statutes which states in pertinent part:
 "No civil action may be maintained in the following cases unless an agreement, or memorandum of the agreement, is made in writing and signed by the party, or an agent of the party to be charged:. . . (2) against a person upon a special promise to answer for the debt, default, or miscarriage of another. . ." CT Page 2691
Section 52-550(a) is designed to prevent exactly the type of disputed claims of guarantee of the debt of another which is being alleged in the instant case.
While counsel for both the Plaintiff and Defendant ably briefed numerous issues both before trial and in post-trial briefs, the Court finds that the issues in the case are determined by the opinion in Burns vs. Koellmer, 11 Conn. App. 375
(1987). Burns recognizes that causes of action exist in Connecticut for unjust enrichment and for quantam meruit.
Unjust enrichment requires three elements: (1) that the defendant was benefitted [benefited]; (2) that the benefit was unjust and not paid for by the defendant, and (3) that the non-payment by the defendant was to the detriment of the plaintiff, Burns at Page 383.
Quantam meruit is a cause of action in implied contract for services rendered from one party to another and therefore the plaintiff is entitled to the reasonable value of the services rendered, Burns at page 383. To support quantam meruit, the defendant must knowingly accept the services of the plaintiff and must at least impliedly have represented that he will make payments in the future, Burns at Page 384. Finally, if the two theories are alleged in the same pleading, it is for the trier to determine whether the plaintiff has proved one or both or neither theory, Burns at 386.
After listening to the witnesses and examining the course of dealings between Art Barber Excavating Company, Inc. and Violette Construction Co., Inc., it is the Court's holding that the Plaintiff has not proved an implied contract and that the Plaintiff had no reasonable expectation that Violette Construction Co., Inc., impliedly promised to pay for the services which were rendered at 49 Willington Hill Road, Route 320, Willington. The Court finds that while title to the property was in Violette Construction Co., Inc., the contract for services was between Art Barber Excavating Company, Inc. and Harold Chasse.
The only theory upon which the Court finds the Plaintiff could recover against Violette Construction Co., Inc. is the theory of unjust enrichment. The property admittedly CT Page 2692 belonged to that Defendant. Unfortunately for the Plaintiff the measure of damages for unjust enrichment focuses on the benefit to the Defendant rather than the loss to the Plaintiff. Monarch vs. Prezioso, 170 Conn. 659 (1976). Indeed, the determination of the measure of damages is the primary way in which unjust enrichment differs from quantum meruit, Burns at 383.
While the facts amply demonstrate that Violette Construction Co., Inc. owned the property in question and that Art Barber Excavating Company, Inc. did work on the property, the facts also show that other work was done on the property, a house was constructed, and ultimately a mortgage was foreclosed. It is the holding of the Court that Art Barber Excavating Company, Inc. failed to demonstrate or prove any benefit to Violette Construction Co., Inc.
Accordingly, the Court finds for the Defendant.
BY THE COURT Kevin E. Booth Judge, Superior Court