[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Background
In the present case, both sides present persuasive but diametrically opposing views concerning an important issue of construction law. The issue presented concerns the scope and breadth of General Statutes § 49-42(a). Specifically, the parties seek to have this court determine who is a proper claimant under a payment bond issued pursuant to General Statutes § 49-41 given the circumstances of this case.[1]
In its amended complaint dated July 21, 1993, the plaintiff, General Building Supply Co. ("GBS") alleges that it furnished materials that were used in a construction project designed to add to and modify Somers High School (the "project"). It further alleges that the defendants, Miranba Builders, Inc. ("Miranba") CT Page 8717 and Berkshire Builders, Inc. ("Berkshire"), were the general contractors on the project and that the defendant National Union Fire Insurance Co. ("National Union"), as surety, gave a labor and material bond for the sum of $9,934,100.00 to the Town of Somers in connection with the project.
In the fourth count of its complaint, the plaintiff claims that it has not been paid for the materials it supplied, and that Miranba, Berkshire and National Union are liable to it for the amount of these materials. In its fifth count, directed against Miranba and Berkshire only, the plaintiff claims the reasonable value of the materials furnished under a theory of unjust enrichment.
The defendants now move to strike both the fourth and fifth counts. The defendants argue that the plaintiff has failed to allege that it is a proper claimant under the payment bond and the fourth count must therefore be stricken. With respect to the fifth count, the defendants argue that the claim of unjust enrichment must fail because the plaintiff has pleaded the existence of a contract and has sought recovery on that contract.
Discussion
 I.
General Statutes § 49-42(a) delineates the class of persons who may enforce a right to payment on a bond furnished pursuant to General Statutes § 49-41. § 49-42(a) begins in very broad terms, providing:
 Every person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of section 49-41 and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which the claim is made, may enforce his right to payment on the bond . . . .
The dispute in the present case concerns subsequent language CT Page 8718 in this section, language which the defendant characterizes as "limiting" Section 49-42(a) concludes by providing that "[a]ny person having a direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing the payment bond shall have a right of action upon the payment bond upon giving written notice of claim . . . ."
Both parties have thoroughly analyzed and articulately advanced differing viewpoints regarding who is a proper claimant under the statute. It is the defendants' view that § 49-42(a) expressly limits coverage to persons having either a direct contractual relationship with the general contractor, or a direct contractual relationship with a subcontractor; and that, therefore, the obligation of general contractors and sureties is limited to what it characterizes as "second-tier" sub-contractors.[2]
The plaintiff espouses a different view. The plaintiff notes that the statute itself does not refer to or make use of the concept of "tiers" The plaintiff agrees that coverage under the statute is limited to those having a direct contractual relationship with a subcontractor, but argues that there is no basis for limiting the term "subcontractor" to a specified number of tiers. According to the plaintiff, any subcontractor is a person who performs a portion of the contract, whether he takes his portion from the general contractor or from another subcontractor.[3]
Both parties have advanced policy based arguments in support of their respective positions. The defendants claim that the statute properly extends protection only to second-tier subcontracts, and therefore does not expose a general contractor or its surety to liability to parties too remote from the contractor which is bonded.
The plaintiff contests this. It argues that if the contract plans and specifications called for a certain type of work or the use of a certain material, then it was anticipated that this work would be performed or material supplied. It argues further that the general contractor and the surety should not receive a windfall because the subcontract labor was subcontracted out.
Both sides also look to our Supreme Court's decision inAmerican Masons' Supply Co. v. F.W. Brown Co., 174 Conn. 219
(1978), in support of their claims. However, that case is CT Page 8719 factually distinguishable, and for that reason, not dispositive.
Utilizing the defendants' "tier" analysis for purposes of clarity, the claimant in American Masons' was in a second-tier position with respect to a portion of its claim, and a third-tier position with respect to another portion. The Supreme Court allowed the claimant to recover fully for the materials he supplied. However, in this court's view, this decision does not provide definitive guidance for a case where the claimant is completely beyond the second-tier.[4]
The parties also disagree as to how the federal bench has treated this issue under the Federal Miller Act. Both parties, however, agree that such caselaw provides persuasive authority.[5] The defendants maintain that the tier analysis is employed by the federal courts and that the line is drawn at the second-tier. They rely heavily on F.D. Rich Co. v. UnitedStates ex rel Industrial Lumber Co., 417 U.S. 116 (1971) andClifford F. MacEvoy Co. v. United States ex rel Calvin Tompkins,Co., 322 U.S. 102 (1944) in support of this proposition.
The plaintiff analyzes these cases differently. It argues that the United States Supreme Court has not adhered to a "tier" concept but rather engages in a "substantial relationship" analysis. The plaintiff maintains that a claimant who supplies materials to a subcontractor has a valid claim on a Miller Act bond, but a claimant who merely supplies materials to another materialman stands in too remote a position to have a valid claim. Under this view, the determination that must be made in each case is whether the person to whom the material is supplied or for whom the work is performed is a subcontractor.
In this court's view, neither the statute itself, norAmerican Masons' provide a clear answer to the perplexing question raised by the motion to strike the fourth count. Given the significance of this issue, this court thinks it would be imprudent to issue an opinion accepting or rejecting the arguments of either party as to the scope and breadth of the statute when such an opinion is not necessary to render a decision on the motion to strike.[6] Employing the reasoning advanced by either party, the allegations of the fourth count are insufficient to state a claim under the payment bond statute.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of a complaint to state a claim CT Page 8720 upon which relief can be granted. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). In ruling on a motion to strike, a court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar Corporation,203 Conn. 34, 36 (1987).
Construing the complaint in this manner, the court accepts as true that the plaintiff "furnished materials used in the performance of the Somers contract." This, however, is insufficient even under the plaintiff's interpretation of General Statutes § 49-42 to state a claim. The complaint does not describe to whom the plaintiff furnished the materials; whether the plaintiff stands in a first-tier, second-tier, third-tier, or lower-tier position according to the defendants' analysis; or whether the plaintiff supplied materials to a subcontractor or to another materialman according to the plaintiff's own analysis.
Because the plaintiff has failed to state a cause of action even under its own interpretation of the statute, the defendants' motion to strike the fourth count is granted.
 II.
The defendants Miranba and Berkshire also move to strike the plaintiff's fifth count, which is for unjust enrichment. These defendants argue that such a claim is precluded because the plaintiff has pleaded the existence of a contract with a separate defendant.[7] This court disagrees.
To recover under a theory of unjust enrichment a party must show (1) that the defendant has benefited from the transaction or has received something of value; and (2) that the benefit was unjust, that is, was not paid for by the defendant, to the detriment of the plaintiff. Monarch Accounting Supplies, Inc. v.Prezioso, 170 Conn. 659, 665-666 (1976). The plaintiff, by alleging that it furnished materials used by the defendants in the Somers project, and that the defendant has not paid for these materials, has adequately stated a claim for relief based on the theory of unjust enrichment. Accordingly, the motion to strike the fifth count is denied.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT