[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, trustee of the Joel Cohn Revocable Trusts 2-C and 2-E, brings this summary process action against the defendant alleging that a month-to-month tenancy has terminated by lapse of time. The defendant claims that she has a lease with the plaintiff for the term October 1, 1995, through at least June 30, 2000 at the earliest which the plaintiff is estopped to deny. The case was tried to the court.
 I
Before proceeding to the finding of facts, the court is obliged to address the defendant's motion for judgment of dismissal for failure to make out a prima facie case. The defendant made the motion, pursuant to Practice Book § 302,[1] at the close of the plaintiff's case. The court reserved decision on the motion.
"A trial court can dismiss an action where it believes the plaintiff has failed to make out a prima facie case. Practice Book § 302; Season-All Industries, Inc. v. R. J. Grosso,Inc., 213 Conn. 486, 493, 569 A.2d 32 (1990). `[W]hen the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff,' dismissal under Practice Book § 302 is appropriate. Hinchliffe v. American MotorsCorp., 184 Conn. 607, 609, 440 A.2d 810 (1981); Gulycz v. Stop Shop Co., 29 Conn. App. 519, 523, 615 A.2d 1087 (1992). A § 302 motion is properly considered at the close of the plaintiff's evidence. Carnese v. Middleton, 27 Conn. App. 530, 539,608 A.2d 700 (1992) . . . . In considering a motion under Practice Book § 302, a trial court must consider all of the plaintiff's evidence to be true. Hinchliffe v. American Motors Corp., supra, 609-10; Bolmer v. Kocet, 6 Conn. App. 595, 603, 507 A.2d 129
(1986). Further, a trial court must draw all reasonable inferences in the plaintiff's favor. Pagni v. Corneal,13 Conn. App. 468, 470, 537 A.2d 520, cert. denied, 207 Conn. 810,541 A.2d 1239 (1988). The limitations of a § 302 motion contrast with the trial court's discretion in ruling on the merits of a case. Once a case is presented to the trial court for final decision, the trier is released from having to treat the plaintiff's evidence as true and can disbelieve any evidence, CT Page 12343 even if the evidence is uncontroverted. Strickland v. Vescovi,3 Conn. App. 10, 15, 484 A.2d 460 (1984)." Discover Leasing, Inc.v. Murphy, 33 Conn. App. 303, 307, 635 A.2d 843 (1993).
The gist of the defendant's motion for judgment of dismissal is that the plaintiff failed to adduce proof that the plaintiff and the defendant entered into an agreement for a month-to-month tenancy. Considering the evidence adduced on the plaintiff's case to be true and drawing all inferences in the plaintiff's favor, a trier could find that the plaintiff encouraged the defendant to move into the subject premises, that the defendant thereafter did move into the subject premises, that the defendant occupied those premises as her home, that the defendant paid the plaintiff rent of $1,655.00 per month from October 1, 1995 to November, 1996. Between November of 1996 and August, 1997 the defendant paid to the plaintiff the sum of $1,255.00 per month, which the plaintiff accepted as rent. General Statutes § 47a-3b provides: "Unless the rental agreement fixes a definite term, the tenancy is month to month, except in the case of a tenant who pays weekly rent, then the tenancy is week to week." General Statutes § 47a-3d
provides in pertinent part: "Parol leases of lands or tenements reserving a monthly rent and in which the time of their termination is not agreed upon shall be construed to be leases for one month only." Considering the evidence in a light most favorable to the plaintiff, a trier could infer that there was a month-to-month lease between the parties.
 II
However, the court finds that there never was a rental agreement or lease between the plaintiff and the defendant. Rather, the only agreement was that between the defendant and Stuart Cohn. The nature of Stuart Cohn's tenancy with the plaintiff is unclear; sufficient evidence was not adduced for the court to make a finding as to the nature of that tenancy. At the very least it appears to have been a tenancy at will.
It is unnecessary for the court to recite all of the testimony at trial. Velsmid v. Nelson, 175 Conn. 221, 225,397 A.2d 113 (1978). The material facts, as found by this court, may be briefly summarized. The plaintiff, as trustee, is the owner of a three story luxury condominium dwelling in downtown New Haven in which her son, Stuart Cohn (Stuart), daughter-in-law and grand daughter resided. Stuart is a beneficiary of the trust. In 1994, all of these persons were social friends of the defendant, who CT Page 12344 resided with her husband in a nearby condominium dwelling. In October, 1994, Stuart became embroiled in an action for dissolution of marriage and his wife vacated the dwelling. Stuart remained in the dwelling with his young daughter, Joelle. In mid-1995, the plaintiff, in her individual capacity, suggested to the defendant, who was moving from her residence, to move into and share the condominium occupied by Stuart and his daughter. After reflecting on the matter during a European vacation, the defendant and Stuart spoke about the matter. Both agreed that such an arrangement would be mutually advantageous. Stuart represented himself to be the owner of the property and at all times until the summer of 1997, the defendant believed that he was the owner. The defendant and Stuart agreed upon the terms of the defendant's tenancy. Before agreeing to those terms, Stuart discussed the matter, including the proposed monthly rental, with the plaintiff, who agreed with Stuart as to the amount of the monthly rental. At no time, however, did the plaintiff authorize Stuart to act for her, as trustee, with the defendant. The terms of the agreement between Stuart and the defendant included an $18,000.00 security deposit and a monthly rental of $1,655.00. Both the defendant and Stuart, respectively occupied certain portions of the dwelling exclusively and shared other areas.[2]
In November, 1996, the monthly rental was reduced by mutual agreement. The defendant caused these monies to be wired from the her trust account in Toronto to the trust account in Connecticut of which the plaintiff is trustee. Stuart asked her to do this because of his then-pending divorce. In October, 1995, the defendant moved into the condominium and developed a friendly relationship with Stuart and a very warm relationship Joelle, of whom Stuart had obtained custody. Neither the plaintiff nor Stuart signed a lease for the property with the defendant, although Stuart and the defendant contemplated a long-term tenancy. She has invested several thousands of dollars in improvements in the condominium.[3] The plaintiff was aware of these improvements.
The plaintiff now wishes to sell the condominium dwelling and desires that it not be occupied while it is being marketed. On August 1, 1997, and again on August 29, 1997, the plaintiff caused the defendant to be served with a notice to quit possession and occupancy of the condominium dwelling. The grounds stated in the notice, and for this action, is that the defendant's month-to-month tenancy has terminated by lapse of time. The defendant remains in possession and occupancy although the time fixed in the notices to vacate has expired. CT Page 12345
As observed supra, the plaintiff claims that the defendant had a month-to-month tenancy with her. The defendant argues that (1) there is no month-to-month tenancy, (2) that the plaintiff should be estopped from evicting the defendant because the defendant relied on Stuart's and the plaintiff's "words, actions and silence", and (3) because the plaintiff has brought this action to coerce the defendant to purchase the condominium dwelling, the court, in equity, "should not validate what may well constitute an attempted extortion.
 III
The court concludes that the plaintiff has failed to sustain her burden of proof that there was a month-to-month tenancy, or for that matter any tenancy prior to the service of either notice to quit, between herself and the defendant. Whatever rental or lease agreement existed was between the defendant and Stuart, in the nature of a subletting.
Although Stuart was a tenant of the plaintiff, the terms of his tenancy — whether at will, from month-to-month, or otherwise — were not proven. "[W]here [as here] the entire premises are leased, in the absence of any agreement, either expressed or implied or by covenant to the contrary, the tenant has the right of exclusive possession and control of the entire premises; Monarch Accounting Supplies, Inc. v. Preziso,170 Conn. 659, 663-664, 368 A.2d 6 (1976); and may sublet with the lessor's permission. Id., 666. Here, Stuart had his mother's permission to sublet the premises to the defendant. But the relation of landlord and tenant does not exist between an original lessor and a sublessee such as the defendant. Public Service Co. v.Voudoumas, 84 N.H. 387, 151 A. 81, 84, 70 A.L.R. 480 (1930); 49 Am.Jur.2d, Landlord and Tenant, § 1183. Nor is there privity of contract or estate between the original lessor and a sublessee. Stewart v. Long Island R. Co., 102 N.Y. 601, 607,8 N.E. 200 (1886); 49 Am.Jur.2d, Landlord and Tenant, §§ 1183, 1184.
"Under the prevailing doctrine, [f]or lapse of time to be a valid reason for the issuance of a notice to quit there must an underlying lease whether oral or written . . . . This is not merely a hypertechnicality spun by devious lawyers and jurists; it is grounded firmly in the statute, § 47a-23 (a) ("When the owner or lessor . . . desires to obtain possession or CT Page 12346 occupancy . . . and (1) when a rental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons: (A) By lapse of time . . . .' [Emphasis added])." Shough v. Hogan, Superior Court, Judicial District of New Haven, Housing Session, No. SPNH 9702-49735 (19 Conn. L. Rptr. 450-451) (March 21, 1997). The plaintiff had the burden of proving the allegations of her summary process complaint entitling her to possession of the premises. Jefferson GardenAssociates v. Greene, 202 Conn. 128, 143, 520 A.2d 173 (1987); Southland Corporation v. Vernon, 1 Conn. App. 439, 443,473 A.2d 318 (1984). Because the plaintiff has failed to prove that she had a month-to-month lease agreement with the defendant which has terminated by lapse of time, judgment may enter for the defendant.[4]
Dated at New Haven this 3rd day of December, 1997.
Bruce L. LevinJudge of the Superior Court