[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of a real estate contract dispute between the plaintiff Connecticut Investments LLC and Gary F. Jeanfaivre, the defendant. The agreement entered into by the parties consists of the contract and an addendum both of which were executed by the parties on August 26, 1998. The property itself is located in the Town of North Haven being known as 174, 176 Washington Avenue/9 Blakeslee Avenue.
The plaintiff is seeking the return of the deposit of $10,000.00 paid over to the defendant pursuant to the terms of the agreement. The testimony discloses that Marjorie Smith, a partner of the plaintiff on October 23, 1998, terminated the contract and requested the return of the deposit. The defendant has failed to return the deposit resulting in the commencement of this action by the plaintiff.
The plaintiff's complaint lies in two counts, the first alleging a breach of contract, and the second count alleging unjust enrichment. The defendant in his answer leaves the plaintiff to his proof as to the first count and denies the allegations of the second count. By way of special defenses, the defendant further alleges misrepresentation by the plaintiff as to the use of the property as well as the existence of funding for the project. He alleges much the same in his counterclaim that the plaintiff misrepresented that they had a tenant and further misrepresented the existence of funding for the project and, as a result of his reliance on same, suffered damages.
As to the first count of plaintiff's complaint, the court finds that on October 23, 1998, the plaintiff, by a letter to the defendant (Exhibit 3), informed him that: "Unfortunately, in accordance with the terms of CT Page 6402 our Agreement dated 8/26/98 we have not been able to satisfy the contingencies and are hereby terminating the Agreement and requesting that you return the deposit." (See Exhibit 3).
Paragraph 7 of the contract entitled "Physical Inspection Contingency" refers the parties to the Addendum. The Addendum Paragraph A contains three contingencies, the first of which relates to the obtaining of all permits and approvals that might be necessary. The second contingency involves the environmental status of the property and the third contingency relates to the seller delivering marketable title.
The Addendum Paragraph C entitled "Additional Deposits" reads in pertinent part as follows: "Buyer initially will have 60 days from execution of this Agreement to satisfy the contingencies listed in A above." The paragraph then goes on to call for additional monthly payments should the Buyer extend beyond the 60 days. The paragraph concludes with the following language: "If for any reason Buyer terminates this agreement during the first 60 days after execution, Seller will promptly return the Additional Deposit to the Buyer." The court concludes this to mean the initial deposit since no further payment is required within the first 60 days after the execution of the contract.
Paragraph E of the Addendum entitled "Buyer's Termination of Contract" reads in part: "If at any time the Buyer determines that the above conditions cannot be satisfied, the Buyer may cancel the agreement."
The court must determine whether the contingencies set forth in the agreement constitute conditions precedent or a promise to perform. "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. . . . A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor. . . . If the condition is not fulfilled, the right to enforce the contract does not come into existence. . . . Whether a provision in a contract is a condition the nonfulfillment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when they executed the contract." (Internal citations and quotations omitted). Lach v. Cahill, et al., 138 Conn. 418, 421.
The conditions set forth in Paragraph A of the Addendum are conditions precedent to the execution of the agreement. This is evident by the preliminary language of Paragraph A: "It is understood and agreed that the buyer's obligation to close title on the above property is contingent upon the following." (See Exhibit 1, Addendum to Agreement, Paragraph A). The addendum then goes on to list the above mentioned contingencies. CT Page 6403
The plaintiffs, in their letter of October 23, 1998 (Exhibit 3), informed the defendant that ". . . we have not been able to satisfy the contingencies and are hereby terminating this agreement and are requesting that you return the deposit." It appears that the plaintiffs were unwilling to extend the time for the execution of the contract as per Paragraph C of Exhibit 1 since that would require the payment of an additional non-refundable deposit of $5,000 per month.
The question or issue for the court to determine is whether the termination was reasonable under the circumstance as they existed at the time.
Of all the contingencies set forth in the Addendum the only conditions that are relevant to this dispute are contained in Paragraph A1 and A2 of Exhibit 1. A1 refers to all of the necessary municipal approvals and A2 relates to environmental. matters. Paragraph A3 relates to marketable title. No issue arose during the trial concerning the marketability of title so this court considers it to be a nonissue. While the contingency of financing was raised during the trial by the defendant the contract itself indicates that financing is not applicable so the court gives no considerations to that issue.
The testimony of Ms. Smith was that it was the plaintiff's intention to demolish the buildings that were there and to replace them with a new building for their tenant alleged to be Rite Aid Pharmacy. The proposed tenant was to take the proposition back to their real estate committee for approval which they failed to obtain.
The environmental report showed no significant problems existing. Ms. Smith also testified that she went to the Planning and Zoning Office and reviewed the various regulations. The plaintiff did not apply for any site plan approval nor did they make application for any of the permits that might be necessary. while no applications were filed, the plaintiff did determine that the proposed use of the property would be allowed. She did indicate however that she was not aware as to whether any site plan would be approved as no request for approval had been made.
The termination notice, (Exhibit 3), is rather sparse indicating only that; "Unfortunately, in accordance with the terms of the Agreement dated 8/26/98, we have not been able to satisfy the contingencies and are hereby terminating the Agreement and requesting that you return the deposit." It gives no reasons for their inability to meet the various contingencies.
While the plaintiff does in fact terminate the agreement the notice CT Page 6404 does contain language to the effect that; "we offer to extend the agreement until November 24, 1998 under conditions separate and distinct from the contract itself."
Since no reasons are given for being unable to satisfy the conditions set forth in the Addendum, it remains for the court to determine whether the plaintiff has a carte blanche right to terminate the agreement or whether the termination of the contract must be based upon reasonableness on the part of the plaintiff.
Contingency clauses imply a promise that they will be pursued with reasonable effort. Feinberg v. Berglewicz, 32 Conn. App. 857, 861, K.A.Thompson Electric Co. v. Wesco, Inc., 27 Conn. App. 126, 127, Phillipe v.Thomas, 3 Conn. App. 471, 475.
There is no evidence before the Court that the plaintiff made any effort to acquire any of the permits or zoning approvals that might be necessary. No site plan was ever filed with the proper municipal authority. We have only the statement of the plaintiff that they could not fulfill the contingencies set forth in the Addendum. The only evidence before the court that might disclose plaintiff's motive is the fact that the real estate committee for the Rite-Aid Pharmacy, the prospective tenant, did not accept the plaintiff's proposal. This may have prompted plaintiffs to request an extension of the 60-day period rather than request an extension pursuant to the terms of the contract, which would have required an additional non-refundable deposit of $5000.00. Based on all of the above, one cannot say that the actions of the plaintiff were reasonable.
The plaintiff's second count is based on the common law principle of unjust enrichment. "The right of recovery for unjust enrichment is equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." National CSS, Inc. v.Stamford, 195 Conn. 587, 597 (internal citations and quotations omitted).
"Unjust enrichment applies when justice requires compensation to be given for property or services rendered under a contract and no remedy is available by an action on the contract." Kimball v. Rossetto,6 Conn. App. 638, 654 (internal citation omitted).
"To recover under unjust enrichment, the plaintiff must demonstrate: (1) that the defendant has benefitted [benefited] from the transaction and has received something of value; and (2) that the benefit was unjust, that is, was not paid for by the defendant to the detriment of the plaintiff." Monarch Accounting Supplies, Inc. v. Prezioso,170 Conn. 659, 665-66. CT Page 6405
"To prove unjust enrichment in the ordinary case, the purchaser, because he is the party in breach, must prove that the damages suffered by his seller are less than the monies received from the purchaser. . . . Nevertheless, only if the breaching party satisfies his burden of proof that the innocent party has sustained a net gain may a claim for unjust enrichment be sustained." Vines v. Orchard Hills, Inc., 181 Conn. 501,510 (internal citations omitted).
The plaintiff has failed to sustain his burden of proof to sustain a claim for unjust enrichment. A contract was entered into between the parties and the plaintiff has failed to show any reasonable basis for the breach of said construct nor has he shown that the conduct of the defendant was unjust in retaining the deposit.
As for the Counterclaim, the court finds that the defendant had only an option to purchase the property which option had in fact expired without being exercised.
The Court enters judgment for the defendant on the complaint and for the plaintiff on the counterclaim.
THE COURT
CURRAN, J.