GARWOOD & SONS CONSTRUCTION COMPANY, INC. *v.* CENTOS ASSOCIATES LIMITED PARTNERSHIP ET AL. (4385)

DUPONT, C. J., HULL and DALY, Js.

Argued May 2—decision released July 22, 1986

*Marlene E. Macauda,* with whom, on the brief, was *David M. McHugh,* for the appellant (plaintiff).

*David M. Wallman,* for the appellee (named defendant).

DALY, J. This appeal arises from an action in two counts to recover damages for carpentry services rendered. The first count alleged breach of contract and the second, unjust enrichment. The trial court found for the plaintiff, Garwood and Sons Construction Company, on the first count adjudging a recovery from the defendant Rock Development, Inc. (Rock), of $22,757.04, plus interest. On the second count, that of unjust enrichment, the trial court found for the named defendant, Centos Associates Limited Partnership (Centos). The plaintiff challenges that latter finding on appeal. The plaintiff's sole claim is that the trial court erred in concluding that there was insufficient evidence presented by the plaintiff to prove that Centos was unjustly enriched. We find no error.

The facts are not in dispute. In September, 1982, the plaintiff subcontractor entered into a contract with Rock, a general contractor, to provide carpentry work and materials on premises owned by Centos[1] and located at 489 Post Road East, Westport. After a dispute regarding payment, the plaintiff left the job on March 14, 1983, without fully performing. The plaintiff's performance until that date had been satisfactory.

The plaintiff instituted this action in June, 1983, at which time an attachment against Centos was ordered

---

[1] Centos Associates Limited Partnership was not a party to the contract between the plaintiff and Rock.

and a complaint was served on Rock and Centos. At trial, Centos introduced no witnesses. The second count, which is the focus of this appeal, alleged that because Centos, as owner of the premises, had received the benefit of the plaintiff's services, Centos had been unjustly enriched. The trial court found for Centos on the ground that no evidence was produced by the plaintiff as to payments or lack of payments made by Centos to Rock.

The equitable remedy of unjust enrichment may be invoked when justice requires that a party be compensated " 'for property or services rendered under a contract, and no [legal] remedy is available by an action on the contract.' 5 Williston, Contracts (Rev. Ed.) § 1479." *Cecio Bros., Inc.* v. *Greenwich,* 156 Conn. 561, 564, 244 A.2d 404 (1968); *Bolmer* v. *Kocet,* 6 Conn. App. 595, 612, 507 A.2d 129 (1986). As an equitable right, unjust enrichment is based on the principle that in a given situation, "it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." *National CSS, Inc.* v. *Stamford,* 195 Conn. 587, 597, 489 A.2d 1034 (1985), quoting *Schleicher* v. *Schleicher,* 120 Conn. 528, 534, 182 A. 162 (1935); see *Providence Electric Co.* v. *Sutton Place, Inc.,* 161 Conn. 242, 246, 287 A.2d 379 (1971). "All the facts of each case must be examined to determine whether the circumstances render it 'just or unjust, equitable or inequitable, conscionable or unconscionable,' to apply the doctrine." *Bolmer* v. *Kocet,* supra, 613.

To recover under unjust enrichment, the plaintiff must demonstrate: (1) that the defendant has benefitted from the transaction or has received something of value; and (2) that the benefit was unjust, that is, was not paid for by the defendant, to the detriment of the plaintiff. *Monarch Accounting Supplies, Inc.* v. *Prezioso,* 170 Conn. 659, 665–66, 368 A.2d 6 (1976);

*Bolmer* v. *Kocet,* supra, 612–13. The burden of proving unjust enrichment was placed on the plaintiff in *Montanaro Bros. Builders, Inc.* v. *Snow,* 190 Conn. 481, 490, 460 A.2d 1297 (1983), where the court remanded stating that a hearing should be held to determine whether "the plaintiffs have made out a case of unjust enrichment . . . . " Id., 490–91; see also *Montanaro Bros. Builders, Inc.* v. *Snow,* 4 Conn. App. 46, 48, 492 A.2d 223 (1985).

In this case, the plaintiff clearly demonstrated that Centos derived a benefit from the plaintiff's agreement with Rock, that is, carpentry services properly performed on the premises. Yet, if Centos paid its contractor, Rock, for these services, then the enrichment, in the absence of fraud, was not unjust. The record does not demonstrate that the defendant failed to pay, or that there was any fraud involved. While the plaintiff has proved enrichment, it has failed to prove that enrichment to be unjust, and the judgment must stand.

There is no error.

In this opinion the other judges concurred.