[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PER CURIAM IN RE: MOTION TO STRIKE DATED AUGUST 3, 1990
The court is of the opinion that count four of the Revised Complaint dated May 17, 1990 sounds in unjust enrichment and is legally sufficient. The defendant-First Connecticut Properties' reliance upon Garwood Sons Construction Co. v. Centos Associates Limited Partnership, 8 Conn. App. 185 (1986) is misplaced. That case upheld a trial court's conclusion that the plaintiff there failed to prove at trial that the enrichment to Centos was unjust. CT Page 1762
Regarding count five, the motion is granted for two reasons. First, the defendant-First Connecticut Properties correctly contends that count sounds in third party beneficiary contract law and the plaintiff has failed to allege an essential element of that cause of action, namely, "that this defendant intended to assume a direct obligation to the plaintiff. . . ." Motion To Strike dated August 3, 1990 2; see: Stowe v. Smith, 184 Conn. 194, 196-97
(1981) (citations omitted); Cote v. Yankee Born Homes, Inc.,3 CSCR 856 (October 7, 1988 Pickett, J. ). Second, the plaintiff in its Memorandum of Law In Opposition of the Motion to Strike dated August 13, 1990 furnishes us with no legal authority directly supporting count five, as presently framed.
Thus, orders may enter denying this motion to strike as to count four, but granting it as to count five.
WILLIAM PATRICK MURRAY, A Judge of the Superior Court.