[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE SUMMARY JUDGMENT
The plaintiff makes the following allegations in its complaint. Plaintiff, as a subcontractor, performed work at defendant Sharper Image's store at Westfarms Mall. Defendant Comne U.S., Inc. was the general contractor. All the work under CT Page 7233 the contract was completed by the plaintiff, yet Comne has not paid plaintiff. The first count of the complaint seeks recovery from Comne pursuant to the contract.
The third count of the complaint seeks recovery from Sharper Image because it has been "enriched and benefit[sic] by the work of Interstate Electrical and have not paid for said services." Sharper Images filed an answer and special defense, alleging that it fully paid the general contractor Comne. Plaintiff answered the special defense. Sharper Images filed this motion for summary judgment claiming that plaintiff could not recover under an unjust enrichment claim because Sharper Image had fully paid under the contract. The plaintiff objects to the motion and the parties have filed supporting affidavits and memoranda of law.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402 (1987). The moving party has the burden of demonstrating the absence of a material fact, but the opposing party cannot simply claim an issue of fact exists, but must demonstrate its existence. Id., n. 3.
There is no issue of fact regarding Sharper Image's full payment to Comne. There is also no issue of fact regarding the absence of a contract between plaintiff and Sharper Image. Thus, the legal issue presented is whether plaintiff can recover for unjust enrichment under these facts. The plaintiff, in its memorandum in opposition and in oral argument, argues that this action is a breach of contract and/or negligence action. The allegations of the third count do not support his claim; a fair reading of that count indicates it is a claim for unjust enrichment.
In Garwood Sons Construction Co. v. Centos Associates Limited Partnership, 8 Conn. App. 185 (1986), the court addressed the issue of whether a subcontractor could recover for unjust enrichment if the defendant fully paid the general contractor. The court first noted that to "recover under unjust enrichment, the plaintiff must demonstrate: (1) that the defendant has benefited from the transaction or has received something of value; and (2) that the benefit was unjust, that is, was not paid for by the defendant." Id., 187 (citations omitted).
The court held that the first prong was satisfied, i.e. the defendant received something of value. Here too, Sharper Image received thousands of dollars of electrical work. But the court found that the second prong was not satisfied. "Yet, if [defendant] paid its [general] contractor. . . for these services, CT Page 7234 then the enrichment, in the absence of fraud, was not unjust." Id., 188, See also Providence Electrical Co. v. Sutton Place, Inc., 161 Conn. 242, 246 (1971) (if defendant has paid general contractor, enrichment not unjust).
Providence Electrical and Garwood Sons stand for the clear proposition that, if a defendant has fully paid the general contractor, it cannot be liable to a subcontractor for unjust enrichment in the absence of fraud. No fraud has been alleged, and in fact, plaintiff states on page 3 in its memorandum in opposition that "[e]ven though Sharper Image did nothing fraudulent." There is no genuine issue of fact as to whether Sharper Image fully paid Comne, and thus that Sharper Image is entitled to judgment as a matter of law on plaintiff's unjust enrichment claim. If plaintiff wishes to plead a contract or negligence action, it may of course do so. However, the third count as it stands sounds in unjust enrichment, and therefore, the motion for summary judgment on that count is granted.
KULAWIZ, J.