[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joseph Mirto, filed a three count complaint on June 1, 1992, alleging that his employment was wrongfully terminated by the defendant, Laidlaw Transit, Inc.
The complaint states that the defendant provided transportation services for Hamden school children pursuant to a CT Page 3844 contract with the Hamden Board of Education. The complaint further states that the defendant employed the plaintiff as terminal manager at the Hamden terminal, which provided drivers and buses pursuant to the Hamden Board of Education contract. Plaintiff alleges that in April, 1992, plaintiff became suspicious that defendant was acting unscrupulously in its dealings with the Hamden Board of Education. Plaintiff further alleges that he informed his supervisor of his suspicions and of his intention to inform the Hamden Board of Education.
According to the complaint, the plaintiff's superiors were notified of the plaintiff's intentions, and, on or about May 11, 1992, the defendant (by its agents and employees, Donald Crook and Edward Leclerc), requested that plaintiff resign. Plaintiff alleges that when he refused, his employment was terminated.
In count one of the complaint, plaintiff alleges that the defendant's termination of plaintiff's employment was wrongful and illegal, and violates the public policy of the State of Connecticut. In count two plaintiff alleges that the defendant's actions were malicious, and undertaken with a reckless and wanton disregard to plaintiff's rights and employment expectancies. In count three plaintiff alleges a violation of General Statutes31-51q.
On September 28, 1991, the defendant filed a motion to strike the first and second counts of the plaintiff's complaint on the grounds that the plaintiff's sole remedy is contained in General Statutes 31-51q; therefore, the plaintiff may not also bring a common law action for wrongful or malicious discharge.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 131 (Super.Ct., 1983), 471 A.2d 679 (1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
The sole remedy for misjoinder of causes of action is by CT Page 3845 motion to strike Crowell v. Palmer, 134 Conn. 502, 513,58 A.2d 729 (1948).
The defendant, in its memorandum of law in support of the motion to strike, argues that the plaintiff has an adequate remedy contained in General Statutes 31-51q; therefore, he has no cause of action for wrongful discharge or malicious wrongful discharge.
The plaintiff, in its memorandum of law in opposition to the defendant's motion to strike, argues that providing reasonable transportation to Hamden school children, deterring fraudulent diversion of public funds, and reporting false billings and improprieties to the Hamden Board of Education are issues that address public policies of the State of Connecticut distinct from that of interference with constitutionally protected rights of free speech as reflected in General Statutes 31-51q. Therefore, argues the plaintiff, the facts alleged in the complaint meet the requirements of both statutory violation under 31-51q (count three) and wrongful discharge violating the public policy of the State of Connecticut (counts one and two).
In count three plaintiff pleads violation of General Statutes 31-51q which provides as follows:
 Liability of employer for discipline or discharge of employee on account of employee's exercise of certain constitutional rights.
 Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee or rights guaranteed by the first amendment to the United States Constitution or section 3, 4, or 14 of article first of the constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive CT Page 3846 damages, and for reasonable attorney's fees as part of the costs of any such action for damages. If the court determines that such action for damages was brought without substantial justification, the court may award costs and reasonable attorney's fees to the employer.
Section 31-51q creates a statutory cause of action for infringement of an employee's constitutional right of free speech. Nicoli v. State of Connecticut, 1 Conn. L. Rptr. 226
(January 25, 1990, Freed, J.).
In counts one and two plaintiff pleads wrongful discharge in violation of public policy.
The doctrine of wrongful discharge, which provides that an employer may be liable for discharge of an at will employee in cases where the discharge contravenes a clear mandate of public policy, is a narrow exception to the general rule that contracts of permanent employment or for an indefinite term, are terminable at will. D'Ulisse-Cupo v. Board of Director of Notra Dame,202 Conn. 206, 211 n. 1, 520 A.2d 217 (1987).
In MacLean v. School Sisters of Notre Dame, 7 CSCR 471
(March 31, 1992, Lewis, J.), the plaintiff sued her former employer for wrongful termination of her employment after she purportedly discovered and reported violations of federal and state laws in connection with prescription drugs to her employer. The plaintiff's first count in MacLean alleged "tortious wrongful termination" in violation of public policies of the State of Connecticut related to the preservation of the health and safety of patients. Id. The plaintiff's fourth count in MacLean referred to General Statutes 31-51q. The defendant in MacLean moved to strike count one on the theory that it had been preempted by and duplicates the claim made in count four. Id., 472. The court in MacLean denied the defendant's motion to strike because the two counts at issue were based upon differing public policy initiatives: the first count upon preserving the health and safety of those who use drugs, while the fourth count was based upon the preservation of free speech. Id.
Plaintiff's first count (and by incorporation, the second count) invoke public policy issues which are quite dissimilar from that of an employee's constitutionally protected right of free CT Page 3847 speech. For instance, General Statutes 10-220 provides, in part:
Duties of boards of education
 (a) Each local or regional board of education shall maintain good public elementary and secondary schools, . . . shall make such provisions as will enable each child of school age, residing in the district to attend some public day school for the period required by law and provide for the transportation of children wherever transportation is reasonable and desirable, and for such purpose may make contracts covering periods of not more than five years. . . .
The state, by statute, has delegated the responsibility of providing "reasonable and desirable" student transportation to the local board of education. Plaintiff's allegations that defendant was providing an inadequate number of buses and drivers and was engaging in false billing would certainly interfere with the Hamden Board of Education's performance pursuant to its statutory duty. Moreover, plaintiff's allegations, if proven, may also affect not only the convenience of Hamden students, but their safety as well. Finally, the state has an interest in preventing the fraudulent diversion of taxpayer's money.
Based on the foregoing, the court finds the first and second counts sound in differing public policy initiatives than those in the third count. The first two counts are based upon the provision of safe and adequate transportation to Hamden school children, while the uncontested third count is based upon the preservation of free speech. Therefore, the defendant's motion to strike counts one and two are denied.
It is further noted that the legislature could have expressed, in some appropriate manner, that General Statutes31-51q abrogates or modified the common law rule of wrongful discharge, and chose not to. For instance, General Statutes31-284 (Worker's Compensation Act) provides, in part "All rights and claims between employer and employee . . . are abolished other than rights and claims given by this chapter. . . ." Conversely, no language can be found in General Statutes 31-51q to indicate CT Page 3848 that an employee's sole remedy at law is statutory in nature. "No statute is to be construed as altering common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." Yale University School of Medicine v. Collier, 206 Conn. 31, 36,536 A.2d 588 (1988) (citations omitted.) Therefore, in the absence of legislation limiting the remedy the plaintiff should be free to explore these two theories of his claim.
The motion to strike is denied.
Richard J. Stanley, Judge