[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Arthur Drake, brings this action against the defendant, Paul Carlson, in two counts. The first count is a contract claim alleging that the defendant employed the plaintiff as a heavy equipment operator at an agreed-upon rate of $10.00 per hour, and that the defendant owed the plaintiff wages for twenty-five hundred hours of work. The second count is a restitution claim that the plaintiff performed services for the defendant, the reasonable value of which was $40,000 for which the plaintiff was never paid. The defendant has denied all the allegations of the complaint.
The plaintiff and defendant struck up a friendship in 1986. The defendant was employed as a delivery truck driver, but had a small excavating business on the side. The plaintiff, who is now 79 years old, had been a heavy equipment operator substantially all his working life and had been retired for a few years when the plaintiff and the defendant became friends. In 1988, the plaintiff CT Page 4226 began to assist the defendant from time to time in the defendant's excavating work. The plaintiff testified that the defendant agreed to compensate the plaintiff and that the plaintiff was worth $10.00 per hour. He testified that the defendant also promised to buy the plaintiff a new pick-up truck.
The defendant testified that there was no employment arrangement and indeed, no discussion at all of compensation. Rather the plaintiff would make requests for favors and defendant was always ready to oblige. The defendant testified that he acquired and installed an air conditioner in the plaintiff's pick-up truck purchased four new tires for it, gave the plaintiff a motor for the plaintiff's boat worked on the driveway at plaintiff's house bought the plaintiff lunch and gave the plaintiff money amounting to thousands of dollars during their friendship.
Both parties testified that the plaintiff enjoyed the work, and the inference is that the defendant felt warmly toward the plaintiff and allowed him to work in the business so that the plaintiff would be able to feel useful. In fact, the evidence is that the plaintiff performed good service for which the plaintiff admits he was paid about $2,500.00. The plaintiff further admits that the defendant did favors for him that were of some value.
This cooperative arrangement lasted from October 1988 until July 1989, when the two men had a falling out. The plaintiff testified that he worked an average of four hours a day for a five day work week during this time, an average of twenty hours a week for a ten-month period, for a total number of hours worked of 860 hours.
The burden is on the plaintiff to prove the essential elements of his complaint. The court finds that there is no credible evidence that the plaintiff and the defendant ever had an express contract.
Furthermore, the plaintiff has not sustained the burden of proving that he should recover under the equitable principles of restitution as are alleged in the second count. "Broadly speaking, the availability of restitution is dependent upon unjust enrichment, that is, upon a perceived injustice because one party has benefited at the expense of another." Burns v. Koellmer,11 Conn. App. 375, 384 (1987). Quantum meruit is a form of action which has been utilized when the benefit received was the work, labor, or services of the party seeking restitution. Rossetti v. CT Page 4227 New Britain, 163 Conn. 283, 292 (1972). "Unjust enrichment and quantum meruit are forms of the equitable remedy of restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties." Burns v. Koellmer, supra, at 385.
In Burns, for example, the plaintiff plead, in the alternative to an express contract, that she had performed duties as a manager of defendant's business and accepted partial payment for her services upon the representation of the defendant that she would be fully compensated at a later date. She also alleged that she expected payment that the defendant knew of that expectation and that she was never fully paid. Id. at 382.
Here the plaintiff has neither plead nor proved that the defendant knew that the plaintiff expected payment over and above the money and services given by the defendant contemporaneously with the plaintiff's work. There is no evidence that the defendant ever made any representations to the plaintiff at all about payment of any kind. An implied promise to pay may sometimes be inferred from the parties' course of conduct Id. at 383, but the evidence here does not support such a promise. Rather the evidence is that when the plaintiff felt he needed something from the defendant in the way of a return for work he had done the plaintiff requested what he felt he was due and the defendant granted the request be it for money the loan of equipment work at the plaintiff's property or other goods and services.
The proof especially fails in showing that the plaintiff performed an amount of work that would entitle him to any payment beyond the gratuities provided to him by the defendant. The evidence does not support a finding that the defendant failed to pay or that any fraud was involved. See, e.g., Garwood Sons Construction Co. v. Centos Associates Limited Partnership, 8 Conn. App. 185,188 (1986). The court cannot credit the vast amounts of time claimed to have been worked by the plaintiff in the ten-month period of the parties' relationship. The memory of the plaintiff appeared to be unreliable as to the specific jobs and hours and no notations or documentation regarding the work were offered in evidence. Nor from the perspective of unjust enrichment can the court calculate the benefit to the defendant claimed by the plaintiff. The plaintiff must present credible evidence to prove such claims and he has not done so.
The court finds for the defendant on both counts. CT Page 4228
PATTY JENKINS PITTMAN, J.