[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Withdrawal of an action after a counterclaim has been filed does not "impair the right of the defendant to prosecute such counterclaim as fully as if such action had not been withdrawn." Practice Book 169; Union Carbide Corporation v. Aetna Casualty Surety Co., 212 Conn. 311, 318, 562 A.2d 151 (1989). "Under our rules of practice, a counterclaim, if proper, is an independent action." (Emphasis added.) Union Carbide Corporation v. Aetna Casualty Surety Co., supra, 318; Fellows v. Martin, 217 Conn. 57, 62-63 n. 8, 584 A.2d 458 (1991).
The defendant, Marek Brothers Co., Inc. (hereinafter "Marek") argues that a counterclaim is a separate action, and withdrawal of the complaint does not prevent the defendant from prevailing on its counterclaim. CT Page 11245
The plaintiff, New Haven Savings Bank argues that once judgment for strict foreclosure action was granted and title passed to the plaintiff, Marek no longer had a counterclaim to the action.
A judgment of foreclosure does not prevent junior encumbrancers from filing a cause of action on the underlying debt. General Statutes 49-1; First Bank v. Simpson, 199 Conn. 368,372, 507 A.2d 997 (1986). Therefore, the fact that absolute title has passed to the plaintiff does not prevent Marek from suing parties that are liable on the debt owed to Marek not the foreclosure action.
Marek also alleges a claim against the plaintiff for unjust enrichment. "The equitable remedy of unjust enrichment may be invoked when justice requires that a party be compensated for property or services rendered under a contract, and no [legal] remedy is available by an action on the contract." (Internal quotations omitted; citations omitted.) Garwood Sons Construction v. Centos, 8 Conn. App. 185, 187, 511 A.2d 377
(1986); Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242,246, 287 A.2d 379 (1971).
Marek alleges that the plaintiff gave Marek assurances of payment "despite its actual or constructive knowledge that Marek would likely not be paid and that the Bank would foreclose on its mortgage interest in the project." Marek is alleging a proper counterclaim of unjust enrichment based on a quasi-contractual theory.
Marek's allegations in its counterclaim against the plaintiff are proper and therefore, still actionable.
Marek may amend its pleadings by order of the court. Practice Book 176. "It is within the discretion of the court to grant or deny an amendment." LoSacco v. Young, 20 Conn. App. 6,17-18, 564 A.2d 610, cert. denied, 213 Conn. 808,568 A.2d 793 (1989). "Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Id., 17.
Marek requests that its counterclaim be amended to allege that title to the property passed to the plaintiff on December 15, 1992. Marek also requests permission to separate its claims CT Page 11246 of promissory estoppel and unjust enrichment that were originally pleaded in one count into two counts. None of these amendments are unfair to the plaintiff. Accordingly, the court grants the defendant's request to amend its counterclaim.
Marek requests an amendment of its cross-claim against Common Construction Company, Inc., in order to allege that a surety bond was substituted for the mechanic's lien and to name T. Delmonico Associates, Inc. as a defendant on the cross-claim. An additional party defendant may not be brought into an action with a request to amend. See Practice Book 103, 117, 196. Accordingly, Marek's request to amend its cross-claim is denied.
/s/ Sylvester, J. SYLVESTER