[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MaryAnn R. Clarkson (hereafter "Clarkson") filed a second revised complaint in which she seeks damages resulting from the termination of her employment with an automobile dealership. The complaint is drawn in four counts, with counts one and three directed at the defendant, Greentree Toyota Corporation (hereafter "Greentree"). The first count alleges that Clarkson was employed by Greentree as a Comptroller/Office Manager from 1980 until March 16, 1992. She asserts that on March 16, Greentree wrongfully discharged her from her position as a result of her meeting with an attorney after working hours. She continues by saying that the wrongful discharge was a result of her exercising her rights to freedom of association and speech as guaranteed her under both the United States and Connecticut constitutions as well as Sec. 31-51q of the General Statutes.
The third count claims that she suffers from emotional distress arising out of Greentree's wrongful discharge and from Greentree's subsequent challenge to her attempt at collecting unemployment compensation.
The substantive allegations of counts two and four are identical to counts one and three, but are directed against Harold Tananbaum (hereafter included in "defendant") in his capacity as sole owner and stockholder of Greentree. Greentree and Tananbaum have filed an answer and three special defenses. In those three special defenses, the defendant alleges: (1) that Tananbaum, as president and shareholder of Greentree, is immune from any personal liability as a result of any of the allegations CT Page 5660 lodged against him; (2) that even if she was dismissed because of her exercise of free speech and association, the dismissal was not in violation of Sec. 31-51q because "such conduct substantially or materially interfered with the working relationship" between her and the defendants; and (3) that Greentree is entitled by law to pose a challenge to Clarkson's collection of unemployment benefits which, as a matter of law, cannot constitute intentional infliction of emotional distress.
The defendant filed a motion for summary judgment as to all counts of the second revised complaint on the grounds that there is no genuine issue of material fact concerning: (1) the plaintiff's claim that the defendant's actions violated Sec. 31-51q; and, (2) the absence of any extreme and outrageous conduct on the part of the defendant in challenging Clarkson's attempt at receiving unemployment compensation.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Connell v. Colwell, 214 Conn. 242, 246, quoting Zichichi v.Middlesex Memorial Hospital, 204 Conn. 399, 402. "A material fact is simply a fact which will make a difference in the result of the case." Genco v. Connecticut Light Power Co., 7 Conn. App. 164,167. "[T]he burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." State v. Goggin, 208 Conn. 606, 616. "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'"Fogarty v. Rashaw, 193 Conn. 442, 445, quoting Dougherty v.Graham, 161 Conn. 248, 250. "Issue finding, rather than issue determination, is the key to the procedure." Yanow v. TealIndustries, Inc., 178 Conn. 262, 269.
Section 31-51q of the General Statutes provides, in part that:
 Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the constitution of the state, provided such activity does not substantially or materially interfere CT Page 5661 with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge. . . .
"Section 31-51q creates a statutory cause of action for infringement of an employee's constitutional right of free speech." Mirto v. Laidlaw Transit, Inc., 8 CSCR 531 (April 26, 1993, Stanley, J.).
The defendant argues that Clarkson's meeting after hours with an attorney is not protected conduct under either the United States or Connecticut constitutions.[1] Conversely, the plaintiff argues in opposition that her speech and association is conduct the legislature intended to protect by the enactment of Sec. 31-51q.[2]
In order to establish a violation of Sec. 31-51q, one must prove, among other things, "that the exercise of herfirst amendment rights did not substantially or materially interfere with her bona fide performance or with the working relationship between the employee and the employer." Vince v. Worrell, Superior Court, Judicial District of Hartford/New Britain at Hartford, No. 319386, July 14, 1992, Schaller, J.).
Attached to the defendant's motion is the affidavit of Tananbaum, who states, in part:
 Upon the termination of Rotas's employment at Greentree on or about February 6, 1991, plaintiff expressed to me her displeasure and disagreement with that decision.
 After learning of plaintiff's meeting with Attorney Taylor and considering that plaintiff had neglected and failed to inform me of that meeting, I decided to terminate plaintiff's employment at Greentree.
 The reasons for this decision are that I believed that I could no longer trust the plaintiff and I had lost confidence in her. Given that the plaintiff was in a highly sensitive and key position, and an officer of Greentree, with access to the most sensitive and confidential information at Greentree, I concluded that I could not continue to employ her with the doubts and concerns I had.
(Affidavit of Harold Tananbaum, paragraphs 16, 17, 18, dated February 10, 1994.) CT Page 5662
Clarkson's opposition papers include her own affidavit, wherein she recites, in part, that "[m]y position at Greentree Toyota was not a `highly sensitive and key position . . . with access to the most sensitive and confidential information at Greentree.' I was simply an office manager and an officer in name only." (Affidavit of MaryAnn Clarkson, paragraph 16, March 14, 1994.)
Whether or not the defendant is liable pursuant to Sec.31-51q is contingent upon a finding of an interference with Clarkson's job performance or working relationship between the parties. Since evidence on the plaintiff's position at the defendant Greentree is in conflict, and since no evidence has been proffered regarding the plaintiff's correlative job performance or working relationship with her employer[3], a genuine issue of material fact exists as to whether the defendant may be exempt from liability pursuant to Sec. 31-51q.
In order to recover for a claim of intentional infliction of emotional distress, a plaintiff must establish that:
 (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.
Petyan v. Ellis, 200 Conn. 243, 253.
In counts three and four, Clarkson alleges, in part, that in an attempt to cover up their wrongful actions and cause the plaintiff severe emotional distress and monetary loss, the defendant challenged the plaintiff's entitlement to unemployment compensation on two occasions without actual cause. The defendant's wrongful discharge of the plaintiff for exercising her aforementioned constitutional rights was in violation of Connecticut General Statutes, Sec. 31-51q and was as intended to inflict emotional distress on the plaintiff. In the alternative, the defendant knew or should have known that its wrongful actions would likely cause the plaintiff to suffer severe emotional distress. The defendant's wrongful actions did in fact cause the plaintiff to suffer severe emotional distress. (See the Plaintiff's Second Revised Complaint.) CT Page 5663
The defendant postulates that its challenging of her claim to unemployment compensation does not constitute extreme and outrageous conduct so that a cause of action may lie for intentional infliction of emotional distress. Clarkson would rebut the defendant's challenge to her right to benefits arising out of her improper discharge which constitutes conduct of an extreme and outrageous nature.
Clarkson's allegations in counts three and four are, at least in part, derivative of her initial allegations of wrongful discharge under Sec. 31-51q as specified in counts one and two. Summary judgment must be denied as to counts three and four. Were the derivative nature of the plaintiff's pleadings not the case, "`[i]t is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" Batick v. Seymour,186 Conn. 632, 646-47. Obviously, whether an actor's conduct is sufficiently extreme and outrageous so that liability will attach is a question for the trier of fact. Brown v. Ellis,40 Conn. Sup. 165, 167-68, (1984, McDonald, J.). Intent is the essence of a claim for intentional infliction of emotional distress. The defendant's motion for summary judgment is, accordingly, denied.
Moraghan, J.