[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff, Spec Air Systems, brought this action to recover the cost of four exhaust fans sold by the plaintiff to the defendant, Allied Rawal, Inc., who in turn, delivered the fans to the defendant Hilton Mechanical for use in a construction project. The fans were ordered by Allied pursuant to its lump sum contract with Hilton. The hearing in this case was held on April 26, 1994 before a Fact Finder. During the hearing, the Fact Finder sustained the plaintiff's objection to testimony relating to costs incurred by defendant Hilton to complete the lump sum contract on which Allied defaulted. Because the fact finder ruled that Hilton's payment to third parties to complete the contract would not be a defense to Spec Air's claim, she found for Spec Air in the amount of $11,800. CT Page 11593
The court finds that Hilton should be permitted to give evidence and testimony relating to additional costs incurred in completing its contract with Allied in order to determine if the enrichment was unjust. The court hereby sustains defendant's objections to findings of fact. Because the court sustains the defendant's objection, it does not address the plaintiff's claim for prejudgment interest at this time.
Unjust enrichment applies "wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract." 5 Williston, Contracts (Rev. Ed.) § 1479. The court has found unjust enrichment to be a "very broad and flexible, equitable doctrine." Bolmer v. Kocet, 6 Conn. App. 595, 612-13 (1983). Recovery for unjust enrichment requires three elements:
(1) That the defendant was benefited,
 (2) That the defendant unjustly did not pay plaintiff for the benefits, and
 (3) That the failure of payment was to the plaintiff's detriment. Id.
The fact finder found that the defendant Hilton did not pay the plaintiff for the benefit received. Hilton was precluded from offering evidence showing that the reason for the failure to pay was that no further sums were due to Allied under its lump sum contract because Allied had defaulted.
Plaintiff argues that this evidence is "wholly collateral and extraneous to this issue of whether Hilton received a benefit from Spec Air at Spec Air's expense." Plaintiff's Reply to Defendant'sObjections, at 7. Plaintiff further argues that the fact that Hilton may have claims against a co-defendant has no bearing on whether Hilton received plaintiff's goods and failed to pay for them. Plaintiff believes that in order to have a valid "setoff" claim, the "setoff" must be alleged against the plaintiff and not against a co-defendant.
Plaintiff correctly asserts that to prevail on a claim on unjust enrichment, "the plaintiff must show that it conferred a benefit to the defendant, that the defendant failed to pay, and that the plaintiff thereby suffered a detriment." Id. at 3. However, an action for unjust enrichment does not only involve CT Page 11594 finding that the defendant did not pay. It involves a finding that the defendant unjustly did not pay plaintiff for the benefits. SeeBolmer v. Kocet, at 612-613.
The fact finder's finding of a failure to pay is insufficient for a finding of unjust enrichment. There must be a finding that the failure to pay was unjust. Therefore, Hilton's proposed testimony concerning the excess costs it incurred as a result of Allied's default may demonstrate that Hilton was not unjust in its failure to pay. Connecticut Courts have stated that, "[a]ll the facts of each case must be examined to determine whether the circumstances render it `just or unjust', `equitable or inequitable', `conscionable or unconscionable', to apply the doctrine [of unjust enrichment]." Bolmer at 613, see also Garwoodand Sons Construction Co. Inc. v. Centos Associates LimitedPartnership, 8 Conn. App. 185, 187 (1985). Thus, all facts must be examined, including facts relating to Hilton's "setoff" claim against Allied.
Although there is no Connecticut case directly on point, the court has found Westside Galvanizing Services v. Georgia PacificCorp. , 921 F.2d 735 (8th Cir. 1590) to be persuasive. In Westside,
the plaintiff subcontractor agreed to provide services and goods for a construction project and was not paid by the general contractor. The plaintiff sued the property owner for unjust enrichment. The United States Court of Appeals for the Eighth Circuit held that a property owner could assert setoff of losses against an equitable unjust enrichment claim brought by the subcontractor who provided galvanized steel pursuant to a contract with the general contractor working for the property owner. TheWestside court held that the issue of set off was before the court in determining unjust enrichment. Id. at 740.
Based on the foregoing, Defendant Hilton's Objections to the Finding of Fact are sustained. The case is remanded to Fact Finder Carolyn Gould to hear and evaluate the offered evidence and to render judgment based upon her evaluation of the evidence and not inconsistent with this opinion.
By the court,
Kevin E. Booth, Judge CT Page 11595