[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Edward C. Kirchner, instituted this action against the defendant, Bicron Electronics Company, a corporation engaged in the manufacture of electronic components, to recover damages allegedly sustained as the result of his discharge from employment by the defendant. The plaintiff's five count complaint alleges claims of wrongful discharge, violations of General Statutes Sections 31-51m and 31-51q, breach of an implied in fact contract, and breach of an implied covenant of good faith and fair dealing. The defendant now moves to strike the first, fourth and fifth counts of the complaint.
The complaint alleges the following facts. The plaintiff was employed by the defendant as an engineering manager with supervisory duties and quality control responsibilities. During the course of his employment, the plaintiff learned that the defendant was using copyrighted computer software without proper licensing authority. In addition, the plaintiff discovered that the defendant's products and component parts, which were to be incorporated into those products, deviated from engineering specifications. This allegedly resulted in the products' failure to meet express representations in the defendant's contract requirements and blueprints. Furthermore, the plaintiff alleges that the defendant's management pressured him to engage in practices that would compromise the integrity of both the defendant's and the plaintiff's engineering reputation, and the safety and performance of the defendant's products. The plaintiff refused to engage in these practices.
The first count of the complaint alleges that the defendant terminated the plaintiff's employment in retaliation for his complaining of these activities to the defendant, and in violation of the following public policies: against placing dangerous and defective products into the stream of commerce, as set forth in General Statutes Sec. 52-572 et seq; against infringing the copyrights of third parties, as set forth in Title 17, United States Code; and against unfair and deceptive trade practices, as set forth in General Statutes Sec. 42-110b, the Connecticut Unfair CT Page 4706 Trade Practices Act (CUTPA).
The second count alleges that the defendant terminated the plaintiff for reporting the alleged violations to the Connecticut Attorney General and the Chief State's Attorney, in violation of General Statutes Sec. 31-51m, Connecticut's "Whistleblower Statute." The third count alleges that the defendant discharged the plaintiff for exercising his state and federal constitutional right of free speech in violation of General Statutes Sec. 31-51q. The fourth count alleges that the defendant breached an implied employment contract by terminating the plaintiff. The fifth count alleges that the defendant breached a duty of good faith and fair dealing.
The defendant moves to strike the first, fourth and fifth counts of the plaintiff's complaint. In support of its motion, the defendant filed memoranda of law. In opposition to the motion, the plaintiff timely filed a memorandum of law.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The court is to construe the facts alleged in a manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). All well pleaded facts and those facts necessarily implied from the allegations are taken as admitted. Amodio v. Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6
(1989). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in pleadings." Mingachosv. CBS, Inc., supra, 196 Conn. 108. If the facts provable under the allegations would support a cause of action, the motion to strike must fail. Ferryman v. Groton, supra, 212 Conn. 142.
The defendant argues that the first count of the complaint alleging wrongful discharge should be stricken because the plaintiff has adequate statutory remedies through General Statutes Sec. 31-51m and 31-51q, violations of which are alleged in counts two and three. The defendant, therefore, claims that the plaintiff's common law claim for wrongful discharge is legally insufficient. The plaintiff, however, argues that the first count is legally sufficient because his statutory remedy is inadequate in comparison to his common law remedy. Additionally, the plaintiff argues that he is permitted to plead alternative causes of action, CT Page 4707 and that the motion to strike is premature.
The doctrine of wrongful discharge is a narrow exception to the rule that contracts for employment at will are terminable at the will of either party without regard to cause. Sheets v.Teddy's Frosted Foods, Inc., 179 Conn. 471, 474, 427 A.2d 385
(1980). Under this doctrine, a cause of action is only recognized where public policy is clearly contravened. Id., 474. In addition, "[t]he cases which have established a tort or contract remedy for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Citation omitted.) Atkins v. Bridgeport Hydraulic Co.,5 Conn. App. 643, 648, A.2d (1985).
In Mirto v. Laidlaw Transit, 9 CONN. L. RPTR. 19, 8 CSCR 531
(April 20, 1993, Stanley, J.), the court faced a similar issue as raised on this motion. In Mirto, the plaintiff discovered that his employer, a school bus company, was engaging in unscrupulous activities and he informed his supervisor of his intention to inform the local board of education of these activities. Id. The plaintiff claimed that he was terminated when his superiors learned of these intentions, and he brought an action based on claims of both common law wrongful discharge and General Statutes Sec. 31-51q. Id. The defendant moved to strike the common law claims, arguing that the plaintiff already had an adequate remedy under Section 31-51q, and, therefore, could not simultaneously maintain the common law claims. Id. The court, however, found that the plaintiff's common law claims implicated different public policy initiatives than the claim under Sec. 31-51q, and, therefore, stated a cause of action for wrongful discharge under the common law. Id., 532.
In this case, the first count of the complaint also implicates distinct public policy concerns from General Statutes Sec. 31-51q. The first count expressly implicates the public policy against selling potentially dangerous and defective products, against infringing copyrights of the third parties, and the policy against unfair and deceptive trade practices. The defendant does not contend that these alleged public policy violations fail to support a wrongful discharge claim under Sheets v. Teddy's Frosted Foods,Inc., supra. Section 31-51q, however, implicates a distinct public policy, the plaintiff's free speech rights under the state and federal constitutions. This statute, therefore, does not provide a remedy for the alleged public policy violations in the first count CT Page 4708 since it implicates a distinct public policy. See Mirto v. LaidlawTransit, supra, 8 CSCR 532.
Furthermore, as the court noted in Mirto v. Laidlaw Transit,
supra, the legislature could have expressed that General Statutes Sec. 31-51q abrogated or modified the common law rule of wrongful discharge. Id. For example, the Worker's Compensation Act provides that "[a]ll rights and claims between an employer and employee . . . are abolished other than rights given by this chapter." General Statutes Sec. 31-284. Section 31-51q, however, contains no language indicating that the legislature intended that it provide an employee's exclusive remedy. "No statute is to be construed as altering common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." Mirto v. Laidlaw Transit, supra, quoting Yale University School of Medicine v. Collier, 206 Conn. 31,36, 536 A.2d 588 (1988). Additionally, "a statute which creates a new remedy for a right already existing under the common law is generally directory only, and does not preclude the use of existing common law remedies." Krulikowski v Policast Corporation,153 Conn. 661, 666, 220 A.2d 449 (1966); see Weeks v. Office ofUrban Affairs, 12 Conn. L. Rptr. 388, 389-90 (September 13, 1994) (Martin, J.) (holding that Gen. Stat. Sec. 31-51m, the whistleblower statute, is not the exclusive remedy for a discharge in retaliation for notifying public agencies, and that a common law wrongful discharge claim may also be brought.). Since the legislature has not limited employees from pursuing remedies beyond Sec. 31-51q, the plaintiff should not be precluded from pursuing other remedies that may also be available.
General Statutes Sec. 31-51m does not provide a remedy for the claims made by the first count, as the defendant argues. The first count alleges that the plaintiff made complaints to his employer, and not a public body. Section 31-51m, the whistleblower statute, therefore, is not implicated by the allegations of the first count since it applies when an employee is discharged for making complaints to a public body. General Statutes Sec. 31-51m. This section, therefore, does not provide a remedy for the claim made in the first count. Additionally, a plaintiff may simultaneously bring a common law wrongful discharge claim as well as a claim under the Whistleblower Statute. See, Weeks v. Office of UrbanAffairs, supra, 12 Conn. L. Rptr. 388. For these reasons, the defendant's motion to strike the first count of the complaint is denied. CT Page 4709
The defendant also moves to strike the fourth count of the complaint which purports to allege a claim for breach of an implied contract. The defendant argues that the plaintiff has failed to allege such a claim, and in addition, that the plaintiff has failed to allege a claim for promissory estoppel by failing to allege detrimental reliance. The plaintiff, however, argues that this count sufficiently alleges a breach of an implied employment contract.
"A contract implied in fact, like an express contract, depends on actual agreement." (Citations and internal quotation marks omitted.) Barry v. Posi-Seal International, Inc.,36 Conn. App. 1, 5, A.2d (1994), citing Coelho v. Posi-SealInternational, Inc., 208 Conn. 106, 111-12, 544 A.2d 170 (1988). In order to prevail on the claim of an implied employment contract, "the plaintiff [has] the burden of proving by a fair preponderance of the evidence that [the defendant] had agreed, either by words or action or conduct, to undertake [some] form of actual contract commitment to him under which he could not be terminated without just cause [following progressive disciplinary measures].'" (Citations and internal quotation marks omitted.) Barry v. Posi-SealInternational, Inc., supra, citing Coelho v. Posi-SealInternational, Inc., supra, 112. "Absent a statutory warranty or definitive contract language, the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." Id., 113.
The fourth count of the complaint alleges that the defendant represented to the plaintiff that his employment would not be terminated without just cause and that this representation gave rise to an implied employment contract. Construing these allegations in a manner most favorable to the plaintiff, as is required on a motion to strike, Rowe v. Godou, supra, 209 Conn. 278, the plaintiff has sufficiently alleged an implied in fact contract. While the plaintiff's allegations in the fourth count are not detailed, the modern trend in Connecticut "is to construe pleadings broadly and realistically, rather than narrowly and technically." Normand Josef Enterprises, Inc. v. ConnecticutNational Bank, 230 Conn. 486, 496, 646 A.2d 1289 (1994). This count, therefore, sufficiently alleges that the defendant agreed by words to undertake a contract commitment under which it would not terminate the plaintiff without just cause.
Additionally, the defendant's motion nowhere addresses whether CT Page 4710 the fourth count alleges an implied in fact contract. Instead, the defendant argues that "the plaintiff's position that [the allegations of the fourth count] state a claim for promissory estoppel is not supported in law." The plaintiff, however, makes no claim that this count alleges a cause of action for promissory estoppel. The allegations of the complaint, as well as the plaintiff's memorandum of law, show that the plaintiff is alleging a breach of contract, not an action for promissory estoppel. Therefore, the defendant's contention that the plaintiff attempts to allege a claim for promissory estoppel in the fourth count is misplaced. For these reasons, the defendant's motion to strike the fourth count is also denied.
The defendant also moves to strike the fifth count of the complaint. In its memorandum of law, the plaintiff states that the complaint contained a typographical error regarding which paragraphs the fifth count incorporated, and that it will replead this count. Therefore, the motion to strike the fifth count is granted.
For the foregoing reasons, the defendant's motion to strike the first and fourth counts of the complaint is denied, and the motion to strike the fifth count is granted.
DAVID L. FINEBERG Superior Court Judge